605 P.2d 466

Harold T. LAURENCE and Meyer Z. Reuben, Plaintiffs/Appellants,

v.

Frederick KRUCKMEYER and Adrienne Kruckmeyer, husband and wife, Defendants/Appellees.

Harold T. LAURENCE and Meyer Z. Reuben, Plaintiffs/Appellants,

v.

LAWYERS TITLE OF ARIZONA, a corporation, Defendant/Appellee.

No. 2 CA–CIV 3300.

Court of Appeals of Arizona, Division 2.

Nov. 16, 1979.

Rehearing Denied Dec. 26, 1979.

Michael A. Blum, Tucson, for plaintiffs/appellants.

Schroeder & Murphy by Donald R. Schroeder, Tucson, for defendants/appellees Kruckmeyer.

Bilby, Shoenhair, Warnock & Dolph, P.C. by Mary E. Mangotich, Tucson, for defendant/appellee Lawyers Title.

## OPINION

HATHAWAY, Judge.

Appellants seek review of two summary judgments against them: (1) in favor of appellees Kruckmeyer as to appellants' claim of a water right; and (2) in favor of appellee Lawyers Title for alleged damages for breach of contract and negligence. We agree with the trial court's rulings and affirm.

Three parcels of land, which in the interest of brevity we shall call A, B and C, are involved here. Appellants own parcels B and C and the Kruckmeyers own parcel A. Appellants allege that a controversy had arisen between themselves and the Kruckmeyers as to appellants' right to share in and use water from a well located on the Kruckmeyers' property. Their claim against Lawyers Title was that it had failed to discover the nature of the easement purchased by them and had failed to protect their rights; also, that Lawyers Title had negligently searched the title to appellants' land by failing to discover and inform them of the nature of the easement.

The following facts are undisputed and demonstrate that, as a matter of law, appellants had acquired no water rights in parcel A. In 1941, parcels A and C were owned by Helen Seifert. On August 14, 1941, Mary Frantz, owner of parcel B, deeded to Seifert the following easement:

"That in consideration of the sum of One Dollar ($1.00), the receipt of which is hereby acknowledged, the undersigned MARY A. FRANTZ does hereby grant and convey unto HELEN M. SEIFERT, a widow, her heirs, administrators, executors, and assigns, the right to lay, maintain, operate, repair and remove a water pipe through and over the following described real estate situated in Pima County, Arizona, to-wit:

[Legal description of parcel B]

The grantee herein shall have the right to select the route to be followed by said water pipe, but it is understood and agreed that the purpose of this grant is to allow the grantee to pipe water from the lands of the grantee in [parcel A], across the lands of the grantor above described into the lands of the grantee in [parcel C].·

TO HAVE AND TO HOLD the said easement unto the said HELEN M. SEIFERT, her heirs, administrators, executors and assigns forever."

In 1956, Seifert conveyed parcels A and C and Frantz conveyed parcel B to the Eskins and Chesnicks. The deed to parcel B recited that the conveyance was subject to the right-of-way easement for a water pipeline from Frantz to Seifert, of record in the Office of the County Recorder of Pima County, Arizona, in Book 74, of Miscellaneous Records, at page 141.[1] In 1958, the Eskins and Chesnicks conveyed parcels B and C to Walker, the deed to parcel B again reciting that it was subject to the recorded easement to Seifert. One month later, parcel A was conveyed to Urquhart by the Eskins and Chesnicks.

On October 29, 1958, Walker conveyed parcel C to appellants and on November 26, 1958, Urquhart conveyed parcel A under a deed of trust to Tucson Title. On December 1, 1958, Walker conveyed parcel B to appellants subject, inter alia, to the Seifert easement to lay water pipe. In 1963, Tucson Title conveyed parcel A to the Lovetts who in 1965 conveyed it to the Kruckmeyers. The title insurance policy to parcels B and C issued by Lawyers Title to appellants on December 2, 1958, specifically recited that the title to parcel B was subject to the easement to Seifert to lay water pipes. The policy also specifically excepted water rights from its coverage.

■ An easement is a right which one person has to use the land of another for a specific purpose. *Etz v. Mamerow*, 72 Ariz. 228, 233 P.2d 442 (1951). The 1941 easement from Frantz to Seifert merely burdened parcel B with the laying of and maintenance of a water pipe for the benefit of parcel C to enable Seifert to convey water from her parcel A to her parcel C. Water rights in land must be conveyed in a deed. *Neal v. Hunt*, 112 Ariz. 307, 541 P.2d 559

(1975); *George v. Gist*, 33 Ariz. 93, 263 P. 10 (1928). None of the deeds in the chain of title to parcels A, B and C convey any interest in parcel A water rights. Nor were any water rights excepted. As the chain of title for parcels A and C negatived appellants' claim to water rights in parcel A, the trial court properly granted the Kruckmeyers' motion for summary judgment.

■ We also find no error in granting Lawyers Title's motion for summary judgment. We agree with appellants that when a title insurer prepares a preliminary title report for a buyer, it has a responsibility to list all matters of public record regarding the subject property and a failure to list an easement constitutes a breach of duty. *Jarchow v. Transamerica Title Insurance Company*, 48 Cal.App.3d 917, 122 Cal.Rptr. 470 (1975); *Shotwell v. Transamerica Title Insurance Company*, 16 Wash.App. 627, 558 P.2d 1359 (1976). See also, *Phoenix Title & Trust Company v. Continental Oil, Co.* 43 Ariz. 219, 29 P.2d 1065 (1934). Lawyers Title did not breach this duty as it properly disclosed the easement as an encumbrance against parcel B. Appellants, however, complain of the fact that the title policy made no mention of the easement as it pertained to parcels A and C. There is no merit to this argument as only parcel B was burdened with the easement and, as discussed above, this easement created no right to the water on parcel A in parcel C.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.

---

1. We need not decide the issue of merger here. See generally, 25 Am.Jur.2d, Easements and Licenses, § 108 (Supp.1979).