655 P.2d 82

Glenn A. ANDERSON and Ruth J. Anderson, his wife, Plaintiffs-Appellants,

v.

The TITLE INSURANCE COMPANY and Fremont Title & Trust Co., Defendants-Respondents.

No. 14043.

Supreme Court of Idaho.

Dec. 15, 1982.

Lynn Hossner, St. Anthony, for plaintiffs-appellants.

John D. Hansen, Idaho Falls, for defendant-respondent Fremont Title.

Mark S. Geston, Boise, for defendant-respondent The Title Ins. Co.

McFADDEN, Justice Pro Tem.

Glenn A. Anderson and Ruth L. Anderson, appellants, purchased a parcel of real property in Fremont County on July 15, 1966, by a warranty deed for $1,250.00. The deed was recorded July 29, 1966. A title insurance policy was purchased on the land through defendants-respondents Fremont Title and Trust Company as an agent for The Title Insurance Company. Prior to the issuance of the policy, a preliminary report was given to appellant's counsel. In 1978, representatives of the Idaho Fish and Game Department apprised appellants of the existence of a prior conveyance to the State of Idaho in 1920 which granted to the State fee title to land on either side of the stream which passed through the property in question. It was conceded for purposes of the summary judgment that the conveyance to the state was genuine and had been properly recorded but that it had not been excepted from the title insurance policy upon which this suit was founded.

Respondents tendered to appellants the amount of the policy, $1,250.00, and deposited this amount to the court, but this was refused by appellants. Appellants filed a complaint in January, 1979, against the Title Insurance Company and Fremont Title Company, respondents, alleging breach of policy terms; negligence on part of Fremont; negligence on the part of The Title Insurance Company by reason of negligence of its agent for failure to report the lien of the State. Motions for summary judgment were filed by defendants.

Summary judgment was granted in favor of respondents. In effect the court held that the insurer, The Title Insurance Company's liability to the insured was limited to the loss of the value of the property within the limits of the policy. Defendants had also raised the statute of limitations in their motions for summary judgment but the court did not reach this issue. From the grant of summary judgment in favor of respondents, appellants appeal. We affirm.

Appellants contend that a title insurance company is liable in tort for failure to discover the conveyance of a portion of purchasers' land to the State of Idaho. Appellants argue that the practice in Idaho is that parties generally buy title insurance and rely on the insurance rather than an abstract of title. Before a purchaser buys property he orders a preliminary title report which tells him that the policy will insure against all encumbrances except those specifically listed in the report. Appellants argue that the purchaser is relying on the title insurer in the same manner in which he would rely on an abstractor of title and therefore the insurer has the same obligation as an abstractor and is liable in tort for errors or omissions. For this proposition appellants rely on *Ford v. Guarantee Abstract and Title Company, Inc.,* 220 Kan. 244, 553 P.2d 254 (1976); *Hillock v. Idaho Title and Trust,* 22 Idaho 440, 126 P. 612

(1912), and *Merrill v. Fremont Abstract Co.,* 39 Idaho 238, 227 P. 34 (1924).[1]

In *Ford* the Kansas Supreme Court stated

"Where a title insurer presents a *buyer* with both a preliminary title report and a policy of title insurance two distinct responsibilities are assumed; in rendering the first service, the insurer serves as an abstractor of title and must list all matters of public record regarding the subject property in its preliminary report. When a title insurer breaches its duty to abstract title accurately it may be liable in tort for all the damages proximately caused by such breach." 553 P.2d 254, 265.

That case arose from the title company's disbursement of plaintiffs' moneys to eliminate clouds on the title to the land without taking adequate steps to insure the money would be correctly applied to that purpose. Although the court makes the above statement it appears the court held that the title company was not being held liable for its negligent failure to discover a defect in the title but rather its gross negligence in disbursing the purchaser's money without clear title. That Kansas court imposed a fiduciary duty upon the insurance company by adopting the rule that:

"'A corporation organized for the purpose among others, of examining and guaranteeing titles to real estate and which in all matters relating to conveyance and searching titles holds itself out to the public and assumes to discharge the same duties as an individual conveyancer or attorney, has the same responsibilities and its duty to its employer is governed by the principles applicable to attorney and client,'" 553 P.2d 254, 265, citing *Mezzaluna v. Jersey Mortgage,* 109 N.J.L. 340, 162 A. 743 (1932).

The court held:

"On the facts in this case Chicago Title Insurance Company, acting through Guarantee Abstract and Title Co., Inc., as agent, *was organized for the purpose of examining and guaranteeing titles to real estate and in all matters relating to conveyancing and searching titles held itself out to the public and assumed to discharge the same duties as an individual conveyancer or attorney.* It therefore had the same responsibilities and its duties to the Fords are governed by the principles applicable to attorney and client. It became responsible for due care in the process of disbursing the funds in representing the purchase price for the real property in question." *Id.* at 267 (Emphasis in original.)

*Ford* is distinguishable from the instant case in that Chicago Title Insurance Company was holding itself out to the public and assumed the same duties as an individual conveyancer or attorney. From this the court imposed a fiduciary duty and held the insurance company liable for its *negligent disbursement of funds,* not for failure to detect the defect. In the instant case the insurance company does not purport to act as anything other than a title insurance company. Chicago Title in the Ford case had assumed additional duties by acting as an escrow agent. The assumption of duties other than the issuing of an insurance policy is not present in our case.

Appellant also relies on the case of *Banville v. Schmidt,* 37 Cal.App.3d 92, 112 Cal. Rptr. 126 (1974). In *Banville* the title insurance company argued that it had no duty to search title; that it acted in the transaction not as an abstractor but as an insurer; and that it was requested only to issue a policy of title insurance, which it did. The court rejected this argument noting that the policy recites that the premium of $113.60 was imposed as the "Total Fee for *Title Search, Examination,* and Title Insurance." (Emphasis in original.) The court stated:

"It is . . . clear that a portion of the total fee of $113.60 is attributable to a title search and examination. In other words, FIRST AMERICAN received a fee for a title search and examination, and the

---

1. We decline to address what effect, if any, the enactment of I.C. § 41–2708(1)(a), (b) has upon the duties of a title insurance company because that statute was enacted in 1973, and the acts complained of occurred in 1966.

beneficiaries of said title search and examination, as stated in the insurance policy itself, are the [plaintiffs]. It, therefore, appears unconscionable to say that FIRST AMERICAN did not owe a duty to the [plaintiffs] to reasonably and carefully perform their search and examination."

The court also discussed the title insurance company's duty as an escrow holder.

*Banville* was distinguished in *Walters v. Marler*, 83 Cal.App.3d 1, 147 Cal.Rptr. 655 (1978). The *Walters* court stated: "[t]he title insurer's liability for negligence in *Banville* was based upon its performance as an abstractor of title. The liabilities of an abstractor differ from those of a title insurer." 147 Cal.Rptr. 655, 665. Appellant also relies on the case of *Shotwell v. Transamerica Title Ins. Co.*, 16 Wash.App. 627, 558 P.2d 1359 (1976). However, on appeal the Washington Supreme Court, while acknowledging that there may be a duty to search title, decided the issue on narrower grounds and declined to impose a negligence cause of action against the insurer. Since the Washington Supreme Court refused to adopt the court of appeals' opinion, we find the opinion to have little precedential value.

■ The other two cases relied upon by appellant, *Merrill v. Fremont Abstract Co.*, 39 Idaho 238, 227 P. 34 (1924), and *Hillock v. Idaho Title and Trust Co.*, 22 Idaho 440, 126 P. 612 (1912), both dealt with abstractors of title and are therefore not applicable. Nowhere in this policy does it appear that it is anything other than what it purports to be, an insurance policy.[2] The fee charged was for an insurance policy, it does not appear to be for examination of title. Where title to a portion of insured property fails the insured is entitled to recover upon the loss up to the amount of insurance coverage under the policy.[2] *Hartman v. Shambaugh*, 96 N.M. 359, 630 P.2d 758 (1981); *Overholtzer v. Northern Counties Title Ins. Co.*, 116 Cal.App.2d 113, 253 P.2d 116 (1953); J. Appleman, Insurance Law and Practice, Vol. 9, § 5201, 5216; 15 Couch on Insurance 57:179. The full amount of the policy, $1,200 has been tendered to the insureds and deposited to the court.

■ An insurance policy is a contract and must be construed the same way as other contracts. Title insurance policies are governed by the same general rules and principles of interpretation and construction as other insurance policies. *Walters v. Marler, supra.* J. Appleman Insurance Law and Practice, Vol. 9, § 5201.

This court stated in *Thomas v. Farm Bureau Mutual Insurance Co. of Idaho, Inc.*, 82 Idaho 314, 318, 353 P.2d 776, 778 (1960), quoting with approval *Miller v. World Insurance Co.*, 76 Idaho 355, 357, 283 P.2d 581, 582 (1955):

"Policies of insurance, as other contracts, are to be construed in their ordinary meaning and where the language employed is clear and unambiguous, there is

**2.** The title insurance policy reads as follows:
"THE TITLE INSURANCE COMPANY, a corporation (incorporated under the laws of the State of Idaho), hereinafter called the Company, for a valuable consideration paid for this policy of title insurance,
DOES HEREBY INSURE
GLENN A. ANDERSON and
RUTH J. ANDERSON
husband and wife
together with the persons and corporations included in the definition of 'the insured' as set forth in the stipulations of this policy, against loss or damage not exceeding ONE THOUSAND TWO HUNDRED FIFTY DOLLARS & NO/100 . . . . . dollars, which the insured shall sustain by reason of:
1. Title to the land described in Schedule A being vested, at the date hereof, otherwise than as herein stated; or

2. Any defect in, or lien or encumbrance on, said title existing at the date hereof, not shown or referred to in Schedule B; or
3. Any defect in the execution of any mortgage or deed of trust shown in Schedule B securing an indebtedness, the owner of which is insured by this policy, but only insofar as such defect affects the lien or charge of such mortgage or deed of trust upon said land; or
4. Priority over any such mortgage or deed of trust of any lien or encumbrance upon said land existing at the date hereof, except as shown in Schedule B, such mortgage or deed of trust being shown in the order of its priority.
all subject, however, to SCHEDULES A and B, and the STIPULATIONS herein, all of which schedules and stipulations are hereby made a part of this policy."

no occasion to construe a policy other than the meaning as determined from the plain wording therein.

It is the function of the Court to construe a contract of insurance as it is written, and the Court by construction cannot create a liability not assumed by the insurer nor make a new contract for the parties, or one different from that plainly intended, nor add words to the contract of insurance to either create or avoid liability."

Therefore, we decline to hold that the title insurance company was impliedly acting as an abstractor and we refuse to impose the liabilities of an abstractor upon a title insurance company merely because it issued a preliminary title report. Since this case is disposed on this ground we do not address the statute of limitations issue raised by respondent. We find no error by the trial court. The summary judgment of the trial court is affirmed.

Costs to respondent. Respondents have not shown themselves entitled to attorney fees on appeal. The money previously tendered to court, if not paid shall be paid to appellant.

BAKES, C.J., and BISTLINE, DONALD-SON and SHEPARD, JJ., concur.