Phillip D. MILLER, Plaintiff-Appellant,

v.

FARMERS INSURANCE COMPANY OF IDAHO, Defendant-Respondent.

No. 15104.

Supreme Court of Idaho.

July 2, 1985.

Jeff Stoker, Twin Falls, for plaintiff-appellant.

Steven K. Tolman, Twin Falls, for defendant-respondent.

BISTLINE, Justice.

Appellant Miller was injured in a motorcycle accident which occurred on April 29, 1981. He was operating his motorcycle on a county road in Twin Falls County when suddenly another motorcycle pulled out from a wooded area into the path of Miller's vehicle. Miller swerved to avoid a collision, causing himself to crash as he left the roadway. As a result of that crash Miller sustained injuries to his leg. Miller testified that he tried to stop the other driver, but was unsuccessful. Neither the other driver nor the motorcycle has been produced or identified.

At the time of the accident, Miller was residing with his parents, James and Anita Miller. Defendant Farmers Insurance Company had issued two automobile liability insurance policies to the parents as the named insureds. The first policy provided liability and uninsured motorist coverage on a 1967 Buick, the second policy covered a 1973 Oldsmobile. Phillip Miller's motorcycle was not named as an insured vehicle in either policy, and in fact, was entirely uninsured. Miller filed a notice of claim and demanded payment for benefits under his parents' policies in November 1982 and respondent Farmers Insurance denied coverage because respondent believed Miller was excluded by the language of the policy. Phillip Miller then filed the instant action in the district court alleging that he was entitled to benefits under his parents' policies with respondent Farmers Insurance.

On a motion for summary judgment the district court ruled that appellant Miller was not insured under his parents' policies. The district court found that appellant Miller was not a named insured, did not qualify as a relative because of language in the policies excluding relatives who own an automobile, and was unable to collect under the Farmers policy as "any other person" because he was not occupying an insured vehicle at the time of the accident. The district court also ruled on the applicability of I.C. § 41–2502, stating:

> There is nothing in public policy mandating the Court to stretch the meaning of I.C., Sec. 41–2502 to include family-owned automobiles when defining who is insured under a liability insurance policy. I.C., Sec. 49–233 and public policy both anticipate that every motor vehicle will be insured. If this is done, the owner of said vehicle will have uninsured motorist coverage in his own liability policy. The uninsured motorist law is designed to protect persons who are injured by persons who fail to insure their vehicles and are outside the control of such injured persons. It is not meant to protect those who could have insured their own vehicles and did not.

On appeal to this court appellant Miller raised numerous issues which focus on the exclusionary language of the insurance policy. Appellant Miller contended that I.C. § 41–2502 requires this Court to hold that exclusionary language in an insurance policy is void against public policy. We are not so persuaded. The decision of the district court is affirmed.

Appellant contended that the definition of "relative" in the insurance contract between respondent Farmers Insurance Co. and James and Anita Miller was against public policy because it defeats appellant Miller's recovery under the policy. Appellant argued that this definition of relative was a backdoor way of attenuating the scope of I.C. § 41–2502.

The insurance policy issued by Farmers defines an "insured" as follows:

> Insured means (1) the named insured or a relative, (2) any other person while occupying an insured motor vehicle, and (3) any person, with respect to damages he is entitled to recover because of bodily injury to which Part II applies sustained by an insured under (1) or (2) above.

The policy excluded from coverage a relative or his spouse who owns an automobile with the following language:

> Relative means a relative of the named insured who is a resident of the same household, provided neither such relative nor his spouse owns an automobile.

Appellant argued that this attempt by the insurance company to exclude certain persons from coverage is violative of the public policy of uninsured motorist statutes in general. We think this argument is wholly without merit.

■ I.C. § 41–2502 requires insurance companies to offer uninsured motorist coverage when issuing a liability policy. This section provides:

> **Uninsured motorist coverage for automobile insurance.**—No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any natural person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death as set forth in section 49–1505, Idaho Code, as amended from time to time, under provisions approved by the director of the department of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the named insured shall have the right to reject such coverage, which rejection must be in writing; and provided further, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.

In conjunction with I.C. § 41–2502 is I.C. § 49–233 which mandates that every owner of a motor vehicle registered and operated in Idaho must provide insurance against loss resulting from liability. From these two statutory provisions it is clear that while liability insurance is mandatory, uninsured motorist coverage is not. What is mandatory under I.C. § 41–2502 is that the uninsured motorist coverage be *offered* at the time of purchase of liability insurance.

Appellant Miller maintained in his brief on appeal that: "It is suggested that the statutory definition of insurance policy shows a legislative intent that uninsured motorist coverage should be provided for an insured and the relatives residing in the same household." Appellant's Brief, p. 11. Moreover, the appellant argued that I.C. § 41–2502 *requires* uninsured motorist coverage: "The statute requires that uninsured motorist coverage be provided for

people who are insured under an insurance policy." Appellant's Brief, p. 12. We are not convinced by this argument.

 Our decision today is guided by fundamental rules of contract construction.[1] First and foremost is the rule that insurance contracts, like other contracts, are to be construed as a whole and the courts will look to the plain and ordinary sense in which words are used in a policy. *Anderson v. Title Ins. Co.*, 103 Idaho 875, 655 P.2d 82 (1982); *Juker v. American Livestock Ins. Co.*, 102 Idaho 644, 637 P.2d 792 (1981); *Porter v. Farmers Ins. Co. of Idaho*, 102 Idaho 132, 627 P.2d 311 (1981); *Clark v. St. Paul Property and Liability Ins. Companies*, 102 Idaho 756, 639 P.2d 454 (1981). Furthermore, as a general rule, exceptions, exclusions, or limitations are given a strict reading because an insurance contract will not be sanctioned if it will defeat the very object and purpose of the insurance. *Automobile Club Ins. Co., Inc. v. Tyrer*, 560 F.Supp. 755 (D. Idaho 1983), *aff'd*, 734 F.2d 20 (9th Cir.1984); *Bonner County v. Panhandle Rodeo Ass'n*, 101 Idaho 772, 620 P.2d 1102 (1980).

 Applying these rules to the circumstances before us, it is this Court's opinion that in its plain and ordinary sense, the insurance contract between James and Anita Miller and Farmers Insurance Company was an agreement to insure for liability purposes the two vehicles (a 1967 Buick and a 1973 Oldsmobile) owned by Mr. and Mrs. Miller. The contract also envisioned uninsured motorist coverage for Mr. and Mrs. Miller and for persons driving either of these two vehicles with permission of either Mr. or Mrs. Miller. The insurance contract then specifically excluded from coverage, in clear and unambiguous language, any relative or spouse of a relative who owns an automobile and lives in the same household as Mr. and Mrs. Miller.

We can find nothing in I.C. § 41–2502 which voids an exclusion of relatives who own a vehicle.

Two other courts have reviewed similar language in automobile insurance policies and have concluded that exclusions of relatives who own vehicles is not against public policy or void because of inconsistency with the insurance statutes of the state. *Smitke v. Travelers Indemnity Co.*, 264 Minn. 212, 118 N.W.2d 217 (1962); *Farmers Insurance Co. of Washington v. Miller*, 87 Wash.2d 70, 549 P.2d 9 (1976). The Minnesota Supreme Court in *Smitke, supra*, reasoned as follows:

> Contrary to plaintiff's contention, restriction of this extended coverage to resident relatives who do not own an automobile is neither unreasonable as being devoid of purpose nor inconsistent with the objective of extending coverage to residents of the insured's household. Although we could agree, as plaintiff argues, that ownership of an automobile by a relative may diminish rather than increase the risks covered, decreasing the risk does not appear to be the purpose of the exclusion. Rather, the purpose of the exclusion is to require any resident relative who owns an automobile to obtain this coverage as a part of a policy of his own. No one could successfully contend that this is not a legitimate business purpose of an insurance company. It is wholly consistent with the objective of affording coverage to all relatives of the insured resident in his household who cannot obtain this coverage any other way. It excludes only those who, as owners of automobiles, can obtain this coverage by their own efforts and might do so to comply with our Safety Responsibility Act, Minn.St. c. 170. *Smitke, supra*, 118 N.W.2d at 219.

Likewise, the Supreme Court of Washington, in a unanimous opinion in *Farmers*

---

1. We are not concerned today with the problem of ambiguous language in an insurance contract. However, the rule regarding ambiguities is set forth in *Casey v. Highlands Ins. Co.*, 100 Idaho 505, 600 P.2d 1387 (1979).

*Insurance, supra,* found an exclusion of a relative who owns a vehicle was not unreasonable nor devoid of purpose. The legal and public policy analysis of these two courts is both sound and persuasive. There is nothing in the Idaho statutory scheme which requires us to rule otherwise. Appellant Miller did not qualify as an insured under the policy issued by respondent Farmers Insurance.

We have reviewed appellant's other issues raised on appeal and find them to be without merit in light of our holding that appellant was not an insured under the terms of the insurance policy issued by respondent Farmers Insurance to appellant's parents, James and Anita Miller.

The decision of the district court is affirmed. Costs to respondents. No attorney's fees awarded on appeal.

DONALDSON, C.J., and SHEPARD, BAKES and HUNTLEY, JJ., concur.