875 P.2d 937

**Alexander Scott FEATHERSTON, by and through his guardian ad litem, James T. FEATHERSTON, and James T. Featherston, Plaintiffs–Appellants,**

v.

**ALLSTATE INSURANCE COMPANY and Barbara Lukehart, Defendants–Respondents.**

No. 20625.

Supreme Court of Idaho, Boise, March 1994 Term.

June 17, 1994.

Dennis S. Voorhees, Twin Falls, for appellants.

Hamlin & Sasser, Boise, Ross & Hardies, Chicago, Illinois, for respondents. Peter J. Valeta argued.

McDEVITT, Chief Justice.

Appellant, Alexander Scott Featherston ("Featherston"), appeals an order of the district court granting respondent Allstate Insurance Company's ("Allstate") motion for summary judgment. Featherston filed an action against Allstate to recover damages based on negligence, fraud, misrepresentation, estoppel, and Insurance Trade Practices violations, after he discovered that injuries he sustained in an automobile accident caused by an underinsured motorist were not covered under a policy purchased by Featherston from Allstate. Featherston contends that a genuine issue of material fact exists concerning the duty of care owed Featherston by Allstate, which issue precludes summary judgment. We reverse.

## BACKGROUND

The following statement of facts is taken primarily from a deposition given by Featherston prior to the summary judgment hearing. In August 1986, Featherston contacted an Allstate insurance agent to inquire about transferring his policy from Farmers Insurance ("Farmers") to Allstate. During the initial interview with the agent, Featherston requested a premium estimate for an Allstate policy with the same coverage he was receiving under the Farmers policy. Featherston provided the agent with a copy of the billing and declarations page of his Farmers policy, but not with a copy of the policy itself. Featherston never discussed underinsured motorist coverage with the agent, nor did the agent make any representations concerning underinsured motorist coverage. Allstate did not offer underinsured motorist coverage at this time. The agent generated a comparison premium quote based on the information supplied by Featherston, explaining the Allstate policy side-by-side with the Farmers declarations page. Upon receiving a quote from the agent Featherston immediately transferred his automobile insurance coverage from Farmers to Allstate. Featherston renewed his policy with Allstate every six months for the next six years. Featherston never read the terms and conditions of his Allstate policy. Had he done so, Featherston would have discovered that the Allstate policy did not contain an underinsured motorist provision. Featherston presented no evidence demonstrating that the Farmers policy included such a provision, admitting that he did not know anything about it.

In 1991, a member of Featherston's family was injured by an errant, underinsured driver while riding in Featherston's automobile. Featherston attempted to recover compensation for the injuries from Allstate. He then

discovered that his Allstate policy did not contain an underinsured motorist provision.

Featherston brought an action against Allstate for failure to procure comparable coverage when transferring the automobile insurance policy from Farmers to Allstate. Specifically, Featherston alleges that Allstate breached a duty of care owed Featherston, committed fraud and misrepresentation, and violated the Insurance Trade Practices Act. Allstate moved for summary judgment, which motion was granted on February 8, 1993. In granting the motion, the trial court assumed that the Farmers policy contained an underinsured motorist provision. Featherston moved for reconsideration, which motion was denied March 31, 1993. Featherston appeals the order of the district court granting Allstate's motion for summary judgment.

## STANDARD OF REVIEW

■■■ "When faced with an appeal from a summary judgment, this Court employs the standard of review properly applied by the trial court when originally ruling on the motion. *East Lizard Butte Water Corp. v. Howell,* 122 Idaho 679, 681, 837 P.2d 805, 807 (1992); *Washington Fed. Sav. & Loan Ass'n v. Lash,* 121 Idaho 128, 130, 823 P.2d 162, 164 (1992). In order to determine whether judgment should be entered as a matter of law, the trial court must review the pleadings, depositions, affidavits, and admissions on file. I.R.C.P. 56(c). On review, as when the judgment is initially considered by the trial court, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. *Tolmie Farms v. J.R. Simplot Co.,* 124 Idaho 607, 609, 862 P.2d 299, 301 (1993); *Doe v. Durtschi,* 110 Idaho 466, 469, 716 P.2d 1238, 1241 (1986). If reasonable people could reach different conclusions or draw conflicting inferences from the evidence, the motion must be denied. *Durtschi,* 110 Idaho at 470, 716 P.2d at 1242. However, if the evidence reveals no disputed issues of material fact, the trial court should grant summary judgment. I.R.C.P. 56(c); *Olsen v. J.A. Freemen Co.,* 117 Idaho 706, 720, 791 P.2d 1285, 1299

(1990). In order to avoid summary judgment, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial." *Badell v. Beeks,* 115 Idaho 101, 102, 765 P.2d 126, 127 (1988)." *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 869 P.2d 1365 (1994).

## ANALYSIS

The sole issue before this Court is whether a genuine issue of material fact exists concerning a duty, voluntarily undertaken by Allstate, to provide Featherston with underinsured motorist coverage. Featherston asserts that he requested the Allstate agent to procure the "same coverage" as he had under the Farmers policy, allegedly including underinsured motorist coverage, and that a clear request for advice by a prospective insured creates a duty for the company to use reasonable care in the undertaking because a special relationship arises when the company accepts that request and advises the prospective insured. The Allstate agent failed in this duty by failing to procure underinsured motorist coverage, Featherston concludes, and is liable to Featherston for his loss.

■■■ Conversely, Allstate maintains that an insurance company owes no duty to a prospective insured beyond divulging a requested premium comparison quote. Allstate argues that, absent a special relationship or a contractual agreement, an insurance agent owes a prospective insured no duty to advise him about his coverage options or procure unrequested coverage under Idaho law. Because Featherston has made no showing that a special relationship existed between Allstate's agent and Featherston or that Allstate breached the ordinary duty of care, Allstate concludes that Featherston has failed in his burden to show beyond the pleadings that a genuine issue of material fact exists concerning the negligence issue. The district court agreed with Allstate, recognizing that this Court has held that no statute requires insurance agencies to offer

underinsured motorist coverage,[1] and ruling that Allstate had no statutory or contractual duty, nor voluntarily undertook a duty, to offer or provide Featherston with underinsured motorist coverage.

 An insurance policy is a contract and the parties' rights and remedies are primarily established within the four corners of the policy. *State v. Continental Casualty Co.*, 121 Idaho 938, 939–40, 829 P.2d 528, 529–30 (1992); *Kootenai County v. Western Casualty & Surety Co.*, 113 Idaho 908, 910, 750 P.2d 87, 89 (1988). However, the duty owed by one party to another in contract could give rise to a cause of action in tort if the relation of the plaintiff and defendant is such that a duty to take care arises therefrom independently of the contract. While a mere breach of contract will not support a tort cause of action, a breach of a separate duty to act reasonably will suffice. *Taylor v. Herbold*, 94 Idaho 133, 138, 483 P.2d 664, 669 (1971); *Reynolds v. American Hardware Mut. Ins.*, 115 Idaho 362, 365, 766 P.2d 1243, 1246 (1988); *Wallace v. Hartford Fire Ins. Co.*, 31 Idaho 481, 174 P. 1009 (1918). This Court has recognized a "special relationship between insurer and insured which requires that the parties deal with each other fairly, honestly, and in good faith" and acknowledges the disparity in bargaining power between the insurer and insured. *White v. Unigard*, 112 Idaho 94, 99, 730 P.2d 1014, 1019 (1986), quoting McCarthay, *Punitive Damages in Bad Faith Cases* 3d 23 (1983). In addition, it is possible to create a duty where one previously did not exist. If one voluntarily undertakes to perform an act, having no prior duty to do so, the duty arises to perform the act in a non-negligent manner. *Bowling v. Jack B. Parson Cos.*, 117 Idaho 1030, 1032, 793 P.2d 703, 705 (1990). An insured is entitled to rely on representations of an agent that the agent would take on additional responsibility beyond the agent's ordinary duty. *See Molstead v. Reliance Nat'l Life Ins. Co.*, 83 Idaho 458, 464, 364 P.2d 883, 886 (1961). An insurer may be held liable based on the representations of its agents, despite the presence of contrary language in the actual policy. *Wright v. Johnson*, 101 Idaho 208, 212, 610 P.2d 567, 571 (1980).

 In this case, there exists a genuine issue of material fact as to whether Allstate voluntarily undertook a duty to provide underinsured motorist coverage. The scope of Allstate's duty depends on what the agent was asked to provide. This Court has stated that "an insurance agency which is *requested* to provide complete coverage and knows or should have known the amount of insurance necessary to effect complete coverage, but thereafter underinsures its insured, can be held liable in tort for its negligence." *McAlvain v. General Ins. Co. of America*, 97 Idaho 777, 780, 554 P.2d 955, 958 (1976) (emphasis added). This Court has also held that a tort cause of action in negligence exists for an insurance agent's negligent failure to adequately insure the claimant's property. *Keller Lorenz Co. v. Insurance Assocs. Corp.*, 98 Idaho 678, 681, 570 P.2d 1366, 1369 (1977). It is the duty of the insurer to inform the insured of what he is obtaining; it is not the duty of the insured to seek out exclusions and limitations not revealed to him. *Foremost Ins. Co. v. Putzier*, 102 Idaho 138, 143, 627 P.2d 317, 322 (1981). "An insurance agent performs a personal service for his client, in advising him about the kinds and extent of desired coverage and in choosing the appropriate insurance contract for the insured. Ordinarily, an insured will look to his insurance agent, relying, not unreasonably, on his expertise in placing his insurance problems in the agent's hands." *McAlvain*, 97 Idaho at 780, 554 P.2d at 958. The key issues of what coverage was requested of

1. In Idaho, no statute specifically requires a carrier to extend or offer underinsured motorist coverage. *Miller v. Farmers Ins. Co. of Idaho*, 108 Idaho 896, 898, 702 P.2d 1356, 1358 (1985). "From I.C. §§ 41–2502 & 49–233 it is clear that while liability insurance is mandatory, uninsured motorist coverage is not. What is mandatory under I.C. § 41–2502 is that the uninsured motorist coverage be offered at the time of purchase of liability insurance." *Id. See also Dullenty v. Rocky Mtn. Fire & Casualty Co.*, 111 Idaho 98, 103, 721 P.2d 198, 203 (1986). It is equally clear that this statutory scheme and its underlying public policy do not mandate underinsured coverage. Underinsured coverage in this state is a matter of contract law, not public policy. *Farmers Ins. Co. v. Buffa*, 119 Idaho 345, 347, 806 P.2d 438, 441 (1991).

Allstate's agent and the consequent duty that arose thereby cannot be decided on the record before the trial court, and is not adequately resolved at summary judgment. Therefore, we reverse and remand the case to the district court for proceedings consistent with this opinion.

Costs on appeal to appellant.

BISTLINE, JOHNSON, TROUT and SILAK, JJ. concur.