931 P.2d 1227

Daniel H. MOSER, Plaintiff–Appellant,

v.

COCA-COLA NORTHWEST BOTTLING COMPANY, Clearwater Beverages, Inc., an Idaho corporation, Sandy McLaughlin, Defendants–Respondents.

and

Does 1 through 20, inclusive, Defendants.

No. 22057.

Court of Appeals of Idaho.

Jan. 23, 1997.

710

Clark & Feeney, Lewiston, for appellant. Rube G. Junes argued.

Smith & Cannon, Lewiston; Davis, Grimm & Payne, Seattle, WA, for respondents. Joseph L. Davis argued.

LANSING, Judge.

This action arises from the termination of appellant Daniel Moser's employment. Moser appeals from a summary judgment entered in favor of his former employer. He argues that there are genuine issues of material fact which preclude summary judgment on his claim that his employer breached the employment contract.

## I.

### FACTS AND PROCEDURAL BACKGROUND

The record, viewed most favorably to the appellant, reveals the following facts. In 1976, Moser began working for Clearwater Beverages, Inc., dba Coca–Cola Northwest Bottling Company (Clearwater), a soft drink canning factory and distributorship in Lewiston, Idaho. In 1978, Clearwater was acquired by the Odom Corporation,[1] and it has been a wholly-owned subsidiary of Odom since that date. In 1981, Moser was promoted to sales manager, a position he held until his termination in 1993. According to Moser, Sandy McLaughlin, Clearwater's general manager and Moser's immediate supervisor from 1978 to 1993, told Moser on a number of occasions that Moser would be the next general manager of Clearwater if he performed well. Moser reports that, over the years, he often received praise from McLaughlin for his performance. However, in January, 1992, McLaughlin's son, Alan, was promoted to assistant general manager. Subsequently, McLaughlin heard that Moser was upset about Alan's promotion, and reassured Moser that Moser "had nothing to worry about" and that McLaughlin "would never fire" Moser. According to Moser, McLaughlin explained that Alan's promotion put him in charge of production, not in line for the general manager position, and that Moser would be the next general manager.

In 1990, Clearwater distributed to its employees an employee handbook, which referred to the Odom Corporation as the employer. The third page of the handbook

1. The corporate headquarters of Odom is in Seattle, Washington.

listed the divisions and subsidiaries of Odom, and included Clearwater in the list of subsidiaries. The handbook also contained the following statement:

> Employment at the Odom Corporation is at-will employment and may be terminated at any time for any reason by either party. Involuntary terminations are not limited to violations of the work behavior guidelines or circumstances involving a layoff.

On two occasions, once in January 1990 and again in June 1992, Clearwater required its employees to sign documents acknowledging receipt of the employee handbook. The acknowledgement forms, which were signed by Moser, stated:

> I acknowledge and agree that the Employee Handbook does not constitute a set of promises or an employment contract. I understand that my employment with The Odom Corporation will continue at the will of the Corporation and myself and may be terminated at any time for any reason by either party notwithstanding any statements in this Handbook or its subsequent revisions.
>
> I further acknowledge and agree that any oral or written representations from Corporation representatives will not supersede the terms addressed in this Acknowledgement.
>
> I have received a copy of the Employee Handbook (dated November, 1989) and I accept responsibility for familiarizing myself with the policies and regulations it contains.

In October 1993, McLaughlin relieved Moser of his sales manager position and said that Moser would be reassigned as a route truck driver until he could find another job. When Moser informed McLaughlin that he probably could not perform well as a truck driver due to a back injury, McLaughlin discharged Moser.

Moser then sued Clearwater and McLaughlin for breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional and/or negligent infliction of emotional distress. The defendants moved for summary judgment, asserting that Moser was an at-will employee who could be terminated at any time for any reason. In support of this motion, the defendants pointed out that Moser twice signed acknowledgements that his employment was at will. Moser, in opposition to the motion for summary judgment, asserted that the employee handbook and acknowledgements did not control his employment because they referred to Odom as the employer whereas Moser was employed by Clearwater. Moser further asserted that an oral or implied contract limited Clearwater's right to discharge him.

In granting the defendants' motion for summary judgment, the district court held that Moser was employed by Odom at the time of his termination and that the employee handbooks and the signed acknowledgements applied to Moser's employment. The court determined that these documents established that Moser's employment was at will and therefore granted summary judgment to the defendants. Moser now appeals the decision of the district court and contends that there remain genuine issues of material fact regarding whether Odom or Clearwater was Moser's employer, whether the handbooks applied to his position and whether there existed a contract of employment prohibiting Moser's discharge without cause.[2]

## II.

## ANALYSIS

Summary judgment may be granted in a civil action when the evidence shows "that

---

**2.** Moser's arguments on appeal address only his breach of contract claim. He does not contest the district court's grant of summary judgment on his claims for intentional or negligent infliction of emotional distress. Although the concluding paragraph of Moser's appellant's brief urges reversal of the summary judgment on his claim for breach of the covenant of good faith and fair dealing, he has neither identified any issue specific to this claim in the Statement of Issues required by I.A.R. 35(a)(4) nor presented any argument regarding the dismissal of this cause of action. Therefore we will not address it. *See State v. Prestwich*, 116 Idaho 959, 961, 783 P.2d 298, 300 (1989), *overruled on other grounds by State v. Guzman*, 122 Idaho 981, 842 P.2d 660 (1992); *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct.App.1991).

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). On appeal from a summary judgment, our standard of review is well settled:

When faced with an appeal from summary judgment, [the reviewing court] employs the standard of review properly applied by the trial court when originally ruling on the motion. In order to determine whether judgment should be entered as a matter of law, the trial court must review the pleadings, depositions, affidavits, and admissions on file. On review, as when the judgment is initially considered by the trial court, [the reviewing court] liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. If reasonable people could reach different conclusions or draw conflicting inferences from the evidence, the motion must be denied. However, if the evidence reveals no disputed issues of material fact, the trial court should grant summary judgment.

*Featherston v. Allstate Ins. Co.,* 125 Idaho 840, 842, 875 P.2d 937, 939 (1994) (citations omitted).

▉▉▉▉ Under Idaho law, unless there exists a contract which specifies the duration of the employment or limits the reasons for which an employee may be discharged, the employment is at the will of either party. In an employment-at-will-relationship either party may, without incurring liability, terminate the employment at any time for any reason that does not violate public policy. *Mitchell v. Zilog, Inc.,* 125 Idaho 709, 712, 874 P.2d 520, 523 (1994); *Ray v. Nampa School Dist. No. 131,* 120 Idaho 117, 120, 814 P.2d 17, 20 (1991); *Metcalf v. Intermountain Gas Co.,* 116 Idaho 622, 624, 778 P.2d 744, 746 (1989). The parties may, however, agree to a contract term limiting the right of either to terminate the contract at will. A limitation on the at-will relationship may be express or implied. *Mitchell, supra; Metcalf, supra.* Such a limitation may be implied when, from all the circumstances surrounding the relationship, a reasonable person could conclude that both the employer and

employee intended that either's right to terminate the relationship was limited by an implied-in-fact agreement. *Mitchell,* 125 Idaho at 712, 874 P.2d at 523. An employee handbook or manual that expressly defines the relationship as at-will may negate a claim of intent to restrict the grounds for discharge. *See Raedlein v. Boise Cascade Corporation,* 129 Idaho 627, 931 P.2d 621, (1996, petition for rehearing pending); *Mitchell,* 125 Idaho at 714, 874 P.2d at 525; *Sorensen v. Comm Tek, Inc.,* 118 Idaho 664, 667–68, 799 P.2d 70, 73–74 (1990); *Thompson v. City of Idaho Falls,* 126 Idaho 587, 590, 887 P.2d 1094, 1097 (Ct.App.1994).

▉▉▉ As noted above, in 1990 Moser received an employee handbook, which stated that "[e]mployment at The Odom Corporation is at-will employment," and Moser twice signed acknowledgements stating that his "employment with The Odom Corporation" was at will and "may be terminated at any time for any reason." The district court concluded that Odom was Moser's employer and that the expressions of the parties' intent in the handbook and acknowledgements precluded Moser's claim that he was not terminable at will. In seeking to overturn this decision, Moser argues that (1) the evidence showed that his employer was Clearwater, not Odom, and (2) the Odom handbook and acknowledgment forms therefore could not affect the terms of his employment. We agree with Moser's first proposition, but not with the second.

To support his position that he was employed by Clearwater, Moser presented evidence that Clearwater, not Odom, issued his paychecks and made the associated employment tax reports to government authorities. He also showed that Odom Corporation had not qualified to do business in this state as a foreign corporation. We agree with Moser's assertion that this evidence, at the least, framed a genuine issue of fact as to whether Moser was employed by Clearwater or Odom.

This factual issue as to the identity of the employer is not dispositive, however. Assuming, *arguendo,* that Clearwater was the employer, the proper inquiry is whether it

was understood by both Moser and Clearwater that Clearwater had adopted the parent corporation's employee handbook and acknowledgement forms for its own use and that the terms of those documents governed Moser's relationship with Clearwater. On the uncontroverted evidence here, that inquiry must be answered in the affirmative. First, the handbook itself refers to Clearwater by including it in a list of Odom's subsidiaries. This indicates that the handbook may have been intended to apply to Clearwater. Moser testified that he was aware that Clearwater was a subsidiary of Odom. Second, Clearwater distributed the handbook to all of its employees and required their signatures on the acknowledgement forms, thereby demonstrating its intent to adopt and use the Odom handbook. The requirement that all employees sign the acknowledgement forms signaled their importance as contract documents. *See Watson v. Idaho Falls Consolidated Hospitals, Inc.,* 111 Idaho 44, 47, 720 P.2d 632, 635 (1986). Third, and most significant, is the evidence that Moser understood that the acknowledgements applied to his employment. He recalls that upon the distribution of either the 1990 or the 1992 acknowledgement forms, the Clearwater office manager, in response to a question as to what would happen if employees refused to sign the acknowledgement, stated that they must "sign it or else." [3] He was never told that the handbook or acknowledgement was inapplicable to him, and Moser presented no evidence that he understood or believed that the handbook or the acknowledgement forms were immaterial to his employment. The only reasonable inference to be drawn from this evidence is that both parties understood that terms of the handbook and acknowledgements applied to Clearwater's employees, including Moser. Accordingly, any issue of fact as to whether Clearwater or Odom was Moser's employer is not "material" so as to preclude summary judgment because uncontroverted evidence establishes that, regardless of the identity of the employer, the handbook and acknowledgements governed Moser's employment.

The employee handbook and acknowledgments disclaim any limitation on the employer's right to terminate employees, and they declare that employment with the company is at will and may be terminated at any time for any reason by either party. Accordingly, unless these terms were somehow modified, the summary judgment dismissing Moser's claim for breach of contract was appropriate.

Moser contends that there existed at the time of his termination an implied agreement which, in conflict with the acknowledgement forms, limited the right of Clearwater to terminate him. This implied contract claim is based upon Moser's assertion that he was told on numerous occasions that he was being groomed to be the next general manager and that he would succeed McLaughlin in that position. He also presented evidence that during the course of a conversation to reassure Moser following the promotion of McLaughlin's son, McLaughlin said that Moser "would never be fired." However, according to Moser's evidence all of these alleged statements were made prior to Moser's signature on the 1992 acknowledgment form which declares that Moser's employment is at will and disclaims any intent to limit the grounds for termination of the relationship. There is no evidence in the record that McLaughlin made statements to Moser about the security of his employment at any time subsequent to the 1992 acknowledgement. Thus, even assuming that Moser's evidence of verbal representations by McLaughlin would allow an inference that the parties then shared an intent to limit the grounds upon which Moser's employment could be terminated, such an inference of an implied agreement is dispelled by the express terms of the 1992 acknowledgement. Consequently, Moser's assertion that, at the time of his termination, there existed an implied agreement that he could be terminated only for cause must fail.

### III.

### COSTS AND FEES

■ Clearwater requests an award of attorney fees incurred for this appeal pursuant

---

**3.** Before the trial court Moser made an argument that he signed the acknowledgements under duress. He does not renew that argument on appeal.

to I.C. § 12–121. Such an award may be made if the court is left with an abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Pass v. Kenny,* 118 Idaho 445, 797 P.2d 153 (Ct.App.1990). Because this Court concludes that Moser's appeal was not frivolous or without any reasonable basis in fact or law, Clearwater's request for attorney fees pursuant to I.C. § 12–121 is denied.

### IV.

### CONCLUSION

Because the district court correctly determined that Moser was an employee at will at the time of his discharge, the summary judgment entered in favor of Clearwater Beverages, Inc. on Moser's claim of breach of contract is affirmed. Costs on appeal are awarded to respondent; no fees are awarded.

WALTERS, C.J., and CAREY, Judge Pro Tem., concur.