**Klaus MECKERT, Plaintiff-Appellant,**

v.

**TRANSAMERICA INSURANCE COMPANY, a California corporation, Defendant-Appellee.**

**No. 84–3567.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 1984.

Decided Sept. 5, 1984.

Dale Smith, Smith & Peart, Fruitland, Idaho, for plaintiff-appellant.

Patricia M. Olsson, John Howard, Quane, Smith, Howard & Hull, Boise, Idaho, for defendant-appellee.

Before PECK [*], WRIGHT, and FARRIS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This appeal presents legal questions relating to underinsured motor vehicle coverage. Appellant Meckert was injured seriously when his motorcycle was struck by a vehicle driven by Linda Strong. Her liability carrier settled for the policy limit of $25,000 which did not begin to cover the damage sustained.

At the time of the accident, Meckert owned a pickup truck, an automobile, and the motorcycle. He insured the vehicles through a local agent, who placed the coverage with Transamerica Insurance Company on the pickup and car. He insured the motorcycle through Viking Insurance Company.

Meckert sought damages from Transamerica under its "Underinsured Motorist Coverage", which provides:

UNDERINSURED MOTORIST COVERAGE: We will pay damages which a *covered person* is legally entitled to recover from the owner or operator of an *underinsured motor vehicle* because of bodily

[*] Senior Circuit Judge of the Sixth Circuit.

injuries sustained by a *covered person* and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the *underinsured motor vehicle.*

We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements.

*"Covered person"* as used in this Part means:

    1. You or any *family member*

    . . . .

*"Underinsured motor vehicle"* means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.

(emphasis original). Transamerica concedes that Meckert is a "covered person" and that he was injured by an "underinsured motor vehicle."

Transamerica denied coverage because of the "other owned vehicle" exclusion, providing:

EXCLUSIONS

A. We do not provide Underinsured Motorists Coverage for bodily injury sustained by any person:

1. While *occupying,* or when struck by, any motor vehicle or trailer of any type owned by you or any other *family member* which is not insured for this coverage under this policy.

Transamerica invoked this exclusion because Meckert was injured while sitting on his motorcycle, which was not covered by its policy.

Meckert sued in Idaho state court, claiming that the "other owned vehicle" exclusion was invalid because it: (1) violated public policy, (2) conflicted with the plain language of the underinsured motorist coverage, (3) was fatally vague and ambiguous, and (4) contradicted Meckert's "reasonable expectations" as a purchaser of insurance. Transamerica removed the action to federal district court.

On cross-motions for summary judgment, the district court held that the "other owned vehicle" exclusion was valid and found for Transamerica.

ANALYSIS

This case presents a pure question of state law: whether Idaho courts would give effect to the "other owned vehicle" exclusion from the underinsured motorist coverage. We review the district court's determination of this issue *de novo. Complaint of McLinn,* 739 F.2d 1395, 1398 (9th Cir.1984) (en banc).

Despite counsels' diligence in researching and arguing relevant cases, we are unable to discern how Idaho courts would answer this question. We find no Idaho cases on point. Two Idaho trial courts have considered the validity of "other owned vehicle" exclusions from *uninsured* motorist coverage, and have reached conflicting results. *Compare Dullenty v. Rocky Mountain Fire & Casualty Co.,* No. 52200 (1st Dist. Idaho, April 20, 1983) (exclusion valid); *with Laird v. Valenciano,* No. 8782 (3d Dist.Idaho, Dec. 28, 1983) (exclusion invalid). Precedent from other states is similarly divided.

The case is an appropriate one in which to seek guidance from the Idaho Supreme Court under that Court's certification procedure, Idaho Appellate Rule 12.1. Under that rule, we find that: (1) the question presented "is a controlling question of law in the pending action" for which "there is no controlling precedent in the decisions of the Idaho Supreme Court," and (2) "[a]n immediate determination of the Idaho law would materially advance the orderly resolution of the litigation. . . ."

We respectfully request the Idaho Supreme Court to exercise its discretionary authority under Idaho Appellate Rule 12.1(c) to accept and decide the question.

As the United States Supreme Court has noted, use of certification procedures in appropriate cases saves "time, energy and resources and helps build a cooperative ju-

dicial federalism." *Lehman Bros. v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974).

ORDER

We certify this question to the Idaho Supreme Court:

Is the "other owned vehicle" exclusion from Transamerica's underinsured motorist coverage enforceable under Idaho law?

We do not intend this formulation to be exclusive. The Idaho Court is free to frame the basic issues in any appropriate manner. *See Barnes v. Atlantic & Pac. Life Ins. Co. of America,* 530 F.2d 98, 99 (5th Cir.1976); 17 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4248 at 531–32 (1978).

The Clerk will file a certified copy of this Opinion and Order with the Idaho Supreme Court under Idaho Appellate Rule 12.1(b).

This panel will retain jurisdiction over further proceedings in this court. The parties will notify the Clerk within one week after the Idaho Supreme Court accepts or rejects certification, and again within one week after that court renders its opinion.