692 P.2d 1209

**Donald L. DULLENTY,
Plaintiff-Appellant,**

v.

**ROCKY MOUNTAIN FIRE AND
CASUALTY COMPANY,
Defendant-Respondent.**

**No. 15070.**

Court of Appeals of Idaho.

Dec. 27, 1984.

Petition for Review Granted
Feb. 7, 1985.

Michael J. Verbillis, Coeur d'Alene, for plaintiff-appellant.

Charles W. Hosack, Smith, McCabe & Hosack, Coeur d'Alene, for defendant-respondent.

## ON DENIAL OF PETITION FOR REHEARING

This opinion supersedes our prior opinion issued November 29, 1984, which is hereby withdrawn.

BURNETT, Judge.

This case focuses upon the "stacking" of uninsured motorist coverages under separate automobile insurance policies. Donald Dullenty, the insured claimant, has appealed a summary judgment granted to one of the insurance companies. The sole issue is whether Dullenty, who has paid the premiums for uninsured motorist coverage in three different policies, can combine those policies to obtain the fullest possible recovery for injuries he suffered in a traffic accident involving an uninsured motorist.

The liability portion of the policy under which he brings this suit was written for an automobile other than the one he occupied during the accident. Consequently, the district court held the uninsured motorist coverage under this policy inapplicable to the instant claim. The question presented by this ruling is virtually identical to one we have decided in *Hammon v. Farmers Insurance Co.*, 107 Idaho 770, 692 P.2d 1202 (Ct.App.1984). For reasons set forth below and in *Hammon,* we reverse the summary judgment in this case.

The facts are these. Dullenty sustained his injuries in a head-on collision while driving a 1974 Chevrolet Blazer. The driver of the other automobile, as we have noted, was uninsured. At the time of the accident Dullenty owned two vehicles in addition to the Blazer. All of them were insured. The Blazer and a 1979 Subaru were insured by a carrier not a party to this action. A 1966 International truck was insured by Rocky Mountain Fire and Casualty Company, the defendant here. All of the policies contained uninsured motorist coverage. The maximum recovery available under each policy is unclear from the record, but in no instance does it appear to be less than $10,000.

Dullenty claims to have incurred some $15,000 to $18,000 in medical expenses. Additional medical treatment apparently will be required because an injury in his left forearm is permanent and the pain is recurring. Dullenty, a self-employed individual, also has suffered lost earnings from his work. For the sake of discussion we assume that his aggregate claim ultimately may be found to exceed the maximum recovery available under any one policy.

The Rocky Mountain policy is similar to the policy reviewed in *Hammon.* The pertinent portion provides as follows:

*Damages for Injuries or Death Caused by Uninsured Automobile:* To pay all damages which the insured shall be legally entitled to recover from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident, and arising out of the ownership, maintenance or use of such uninsured automobile; provided, that

\*    \*    \*    \*    \*    \*

(2) insurance under the automobile bodily injury liability coverage of this policy

was in effect at the time of and *applicable* to such accident. . . .

\*     \*     \*     \*     \*     \*

EXCLUSIONS

This supplement does not apply:

\*     \*     \*     \*     \*     \*

(c) To any *other vehicle* or automobile *owned by* or furnished for regular or frequent use to *the named insured* and, while resident of the same household, his spouse and relatives of either. . . . [Emphasis added.]

■ As we noted in *Hammon*, uninsured motorist coverage—unlike liability coverage—focuses upon people rather than vehicles. Under I.C. § 41–2502, uninsured motorist protection extends to the insured whenever he is injured and would be entitled to recover as the result of the operation of an uninsured motor vehicle. The insured need not have occupied any particular vehicle when he sustained his injury; indeed, he could have been a pedestrian. Therefore, the Rocky Mountain policy is repugnant to I.C. § 41–2502, insofar as it purports to limit uninsured motorist coverage to those situations where the liability coverage also would apply, and insofar as it purports to exclude uninsured motorist coverage with respect to injuries sustained while occupying certain "other" vehicles. We hold that the Rocky Mountain policy, when construed to comply with I.C. § 41–2502, represents a source of potential recovery on Dullenty's claim.

■ Rocky Mountain argues that such broad uninsured motorist coverage violates the constitutional guaranty of equal protection by creating two classes of persons who, although not operating or occupying automobiles, may be injured by uninsured motorists. Rocky Mountain gives an example of two pedestrians. The pedestrian who owns a car and insures it will receive uninsured motorist benefits if he is struck by an uninsured motorist while walking across the street. The pedestrian who does not own a car or who does not insure it will receive no such benefits. This type of classification is subject to the rational basis test of equal protection. In our view it satisfies that test because it is rationally related to the legitimate government objective of alleviating the hardship caused by uninsured motorists. *Cf. State v. Reed,* 107 Idaho 162, 686 P.2d 842 (Ct.App.1984) (upholding compulsory liability insurance scheme against equal protection attack). The classification may be underinclusive because it does not assure the availability of uninsured motorist protection to people who do not own or insure vehicles, but underinclusiveness alone will not invalidate the classification. *See State v. Cantrell,* 94 Idaho 653, 496 P.2d 276 (1972). Neither is the classification inherently arbitrary. Those entitled to uninsured motorist benefits have paid premiums for them; the others have not.

In its memorandum decision, the district court placed great weight upon the Arizona case, *Chambers v. Owens,* 22 Ariz.App. 175, 525 P.2d 306 (1974). There the court held that the Arizona uninsured motorist statute did not allow recovery under policies issued for vehicles different from the vehicle occupied by the insured when he was injured. However, as we noted in *Hammon*, Arizona is among an apparent minority of states clinging to the view that the scope of uninsured motorist coverage is confined to the motor vehicle designated in the liability section of the policy. If, as these states have suggested, both liability and uninsured motorist coverages are limited to particular vehicles, then it logically would follow that injuries suffered in one vehicle could not be compensated with uninsured motorist coverage on another. Neither could such coverages be stacked. However, our decision in *Hammon* is based upon an entirely different view of uninsured motorist coverage. In Idaho the coverage extends to people, not to vehicles. The Arizona approach is fundamentally inconsistent with our interpretation of I.C. § 41–2502, and we therefore find it to be unpersuasive.

The summary judgment is reversed and the case remanded. Costs to appellant, Dullenty. Attorney fees on appeal conditionally awarded to appellant under I.C. § 41–1839, in an amount to be determined by the district court, if Rocky Mountain ultimately is adjudged liable for part of the claim. *See Paloukos v. Intermountain Chevrolet Co.,* 99 Idaho 740, 588 P.2d 939 (1978) (regarding conditional fee award); *Associates Discount Corp. of Idaho v. Yosemite Insurance Co.,* 96 Idaho 249, 526 P.2d 854 (1974) (regarding construction of I.C. § 41–1839).

WALTERS, C.J., and SWANSTROM, J., concur.