701 P.2d 217

**Klaus MECKERT, Plaintiff-Appellant,**

v.

**TRANSAMERICA INSURANCE COMPANY, a California corporation, Defendant-Respondent.**

**No. 15738.**

Supreme Court of Idaho.

May 6, 1985.

Rehearing Denied June 19, 1985.

---

Dale Smith, Fruitland, for plaintiff-appellant.

Patricia M. Olsson and John Potter Howard, Boise, for defendant-respondent.

SHEPARD, Justice.

The United States Court of Appeals for the Ninth Circuit has certified a question of law to this Court. 742 F.2d 505 (1984). Meckert sustained injuries in a vehicular accident and when his insurer, Transamerica, denied insurance coverage, Mec-

kert brought an action in the state district court, which was removed to the federal district court. The federal district court granted summary judgment in favor of Transamerica, and Meckert appealed to the Ninth Circuit, which held that a question of state law was presented for which there was no controlling Idaho law, and in accordance with I.A.R. 12.1, certified the question to this Court.

Meckert owned a motorcycle, a car, and a truck. The motorcycle was insured under a policy issued by Viking Insurance Company, which is not a party to this action. The car and the truck were insured under a policy issued by Transamerica Insurance Company.

While Meckert was riding his motorcycle, it was struck by a vehicle driven by Linda Strong. There appears no question of the liability of Strong. The car Strong was driving was owned by her parents and was insured for liability limits of $25,000, which was tendered by the liability carrier and accepted by Meckert. This recovery did not cover Meckert's damages, which included $26,000 in lost wages, $18,000 in present medical expenses, and continuing medical treatment.

Meckert filed this action against Transamerica seeking a recovery under the underinsured coverage of the Transamerica policy, which provides:

"2. *UNDERINSURED MOTORISTS COVERAGE.* We will pay damages which a *covered person* is legally entitled to recover from the owner or operator of an *underinsured motor vehicle* because of bodily injury sustained by a *covered person* and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the *underinsured motor vehicle.*

We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements. '*Covered person*' as used in this Part means:

1. You or any *family member*
   . . . .

'*Underinsured motor vehicle*' means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage." (Emphasis in original.)

There is no question that Meckert is a "covered person," that the Strong vehicle was "underinsured," or that Strong's liability policies have been exhausted.

Transamerica denied coverage under the "underinsured motorist coverage" on the basis of an exclusion contained in the policy, which provides:

"*EXCLUSIONS*

A. We do not provide Underinsured Motorists Coverage for bodily injury sustained by any person:

1. While *occupying,* or when struck by, *any motor vehicle* or trailer of any type owned by you or any family member *which is not insured for this coverage under this policy.* (Emphasis added.)

*Uninsured* motorist coverage, subject to an identical exclusionary clause, was also contained in the Transamerica policies, but that uninsured coverage is not an issue here.

Transamerica denied coverage because Meckert was injured while riding his motorcycle, which was not insured by Transamerica, and therefore came within the "other owned vehicle" exclusion. Meckert brought the instant action, asserting that the "other owned vehicle" exclusion: (1) violates public policy; (2) conflicts with the plain language of the underinsured coverage; (3) is fatally vague and ambiguous; and (4) contradicts Meckert's "reasonable expectations" as a purchaser of insurance.

■ Meckert argues that the "other owned vehicle" exclusion contravenes a public policy of protecting innocent victims of negligent and financially irresponsible motorists, as exemplified by I.C. §§ 41–

2502, 49–1505(d). We disagree. I.C. § 41–2502 requires a policy of motor vehicle liability insurance to also provide protection to the insured from injury by uninsured vehicles. That protection cannot be less than the minimum limits for bodily injury or death set forth by the motor vehicle safety responsibility act, I.C. § 49–1505(d). If an applicant for insurance desires to reject such uninsured vehicle coverage, he must do so expressly in writing. However, the Idaho statutes do not regulate *underinsured* motorist coverage. There are no requirements that insurance carriers offer such *underinsured* motorist coverage, nor that motorists have such *underinsured* coverage. Neither the Idaho legislature nor the courts have declared that there exists a public policy applicable to *underinsured* motorist coverage. While such a policy might be desirable (*See Palisbo v. Hawaiian Ins. & Guaranty Co.*, 57 Hawaii 10, 547 P.2d 1350 (1976); *Porter v. Empire Fire and Marine Ins. Co.*, 106 Ariz. 274, 475 P.2d 258 (1970), *modified on other grounds*, 106 Ariz. 345, 476 P.2d 155 (1970) pointing out the anomalous result from regulating and requiring uninsured vis-a-vis, underinsured motorist coverage), that public policy should be enunciated by our legislature and not by this Court. Hence, we hold that there is no public policy basis upon which to rule that the language of the exclusion clause presented here is invalid.

Meckert also argues that the Transamerica policies were sold with uninsured and underinsured coverage as a package, and that therefore the public policy behind the statutory requirement that an insurance carrier offer uninsured motorist coverage should be extended equally to underinsured motorist coverage. We disagree. Here the record does not indicate whether Meckert could reject either the uninsured or underinsured motorist coverage, but even assuming that the insured had to accept the two coverages as a package, such fact does not alter our holding that a statute governing uninsured motorist coverage does not represent any public policy regarding underinsured motorist coverage. Underinsured and uninsured coverage are not identical in either definition or operation. *Blackburn v. State Farm Mutual Automobile Ins. Co.*, 108 Idaho 85, 697 P.2d 425 (1985).

Meckert argues that many courts have held uninsured motorist coverage to be personal in nature as opposed to vehicle-related in nature, *i.e.*, that the coverage is "portable" and covers the insureds, whether they might be injured in an owned vehicle named in the policy, while on foot, or even while sitting on a porch swing. Meckert asserts that this Court should hold the same to be true as to *underinsured* motorist coverage, and permit him to recover for injuries which he sustained while outside a covered vehicle. Here Meckert was not on foot or occupying a porch swing, but rather he was injured while traveling on and occupying a motor vehicle owned by Meckert and "which is not insured for this coverage under this policy." Hence, we need not address if such underinsured motorist coverage is "personal" or "portable" in nature since Meckert falls squarely within the specific exclusion, *i.e.*, he was occupying a vehicle not covered by the Transamerica policy.

Meckert next asserts that the "other owned vehicle" exclusion is invalid because it conflicts with the plain language granting underinsured motorist coverage. We hold that such conflict does not require a finding that the exclusionary clause is invalid. An insurance carrier has the right to limit its coverage of risk and its liability, and in so doing may impose conditions and restrictions upon its contractual obligations which are not inconsistent with public policy. *Safeco Ins. Co. of America, Inc. v. McKenna*, 90 N.M. 516, 565 P.2d 1033 (1977) (homeowners policy); *National Ins. Underwriters v. Carter*, 17 Cal.3d 380, 131 Cal.Rptr. 42, 551 P.2d 362 (1976) (aircraft liability policy); *Kepner v. Western Fire Ins. Co.*, 109 Ariz. 329, 509 P.2d 222 (1973) (homeowners policy).

Meckert also contends that the language of the exclusion is fatally vague and ambiguous, hence invalid and to be construed most strongly against the insurer. We hold that the language of the ex-

clusionary clause is clear and unambiguous. This Court has held that an insurer must use clear and precise language if it wishes to restrict the scope of its coverage. *Moss v. Mid-America Fire and Marine Ins.*, 103 Idaho 298, 647 P.2d 754 (1982). We hold that Transamerica has met its burden of clarity and precision. In the absence of ambiguity, the words used in an insurance policy are to be given their plain, ordinary and popular meaning. *Porter v. Farmers Ins. Co. of Idaho*, 102 Idaho 132, 627 P.2d 311 (1981).

The exclusionary clause appears in the policy directly below the insuring clause granting underinsured motorist coverage. The exclusion is couched in plain and conspicuous language in printing of the same size and intensity of the remainder of the policy. The language distinctly communicates to the insured that no underinsured motorist coverage is afforded if the covered person is injured while occupying a motor vehicle not insured under the policy. Meckert falls squarely within the clear and uncertain terms of the exclusion.

Meckert's final contention is that the exclusionary language is invalid because it contradicted his "reasonable expectations" as a purchaser of insurance. As noted in *Foremost Ins. Co. v. Putzier*, 102 Idaho 138, 627 P.2d 317 (1981), the doctrine of reasonable expectations has not been adopted as the law in Idaho. Since we have held that there is no ambiguity in the language of the exclusion here, the closely related rule of contract construction under which ambiguous insurance policies are construed liberally in favor of the insured is not available to Meckert. *See Foremost, supra; Casey v. Highlands Ins. Co.*, 100 Idaho 505, 600 P.2d 1387 (1979).

The language of the exclusionary clause is unambiguous and we find no conflict with the Idaho statutes. The exclusionary provision is therefore enforceable. *See State Farm Auto. Ins. Co. v. Kiehne*, 97 N.M. 470, 641 P.2d 501 (1982). No costs or attorney's fees are allowed.[1]

DONALDSON, C.J., and BAKES, J., concur.

BISTLINE, Justice, dissenting.

Today's opinion produces an absurd result, which, because it is not binding on the Ninth Circuit Court of Appeals, may not carry the day, depending on the integrity of that court in fulfilling its ultimate obligation of making its own final determination—lawfully its obligation, not ours. This Court holds that Idaho public policy does not invalidate an insurance clause that excludes coverage for damages arising out of an accident involving an *underinsured* tort-feasor and a vehicle not insured by the victim's insurance company. The Court arrives at this result without any principled reason.

All parties here involved concede that I.C. § 41–2502 invalidates clauses such as the one involved in this case with respect to *uninsured* tort-feasors. That statute requires insurance policies to provide protection to the insured from injury by uninsured drivers. The policy reasons are manifestly apparent: innocent victims need to be protected from irresponsible drivers who cannot indemnify such victims for the harm their conduct causes. Why, then, does this Court make the difference between *underinsured* and *uninsured* tort-feasors *vis a vis* the insured-victim's ability to be reimbursed for the harm suffered? No reason is readily apparent; the distinction made by the Court is without a difference.

As far as the innocent victim is concerned, *it matters little* whether the tortfeasor has no insurance or merely inadequate insurance, for in either event the result is that the victim is going to have to shoulder alone a large or complete burden for the harm suffered. For *public policy reasons* I.C. § 41–2502 was enacted to rem-

**1.** We note there are two cases presently pending before this Court, *i.e., Hammon v. Farmers Insurance Group*, 107 Idaho 770, 692 P.2d 1202 (App.1984), and *Dullenty v. Rocky Mountain Fire & Casualty Co.*, 107 Idaho 777, 692 P.2d 1209 (App.1984). The Court of Appeals held in both cases that "other owned vehicle" exclusions to *uninsured* motorist coverage were invalid. Since both those decisions of the Court of Appeals turn upon uninsured motorist coverage, we deem them to be, in any event, distinguishable from the instant case.

edy that wrong with respect to *uninsured* motorists. Only a myopic court can ignore the fact that the *same* public policies underlying § 41-2502 also support prohibiting enforcement of exclusionary clauses involving tort-feasors who have some but not enough insurance coverage. The fact that the legislature has not spoken explicitly as to *underinsured* coverage is of little consequence; the *exact* reasons upon which the legislature enacted I.C. § 41-2502 apply to underinsured issues as well.

The issue before us needs to be kept well in mind—it is *not* whether underinsured coverage must be provided to insured people in the State of Idaho; rather, it is whether an exclusionary insurance clause, concededly invalid as to uninsured tort-feasors, is also invalid as to underinsured tort-feasors. Only one reasonable conclusion is possible, and that conclusion is a resounding "yes."

Today's decision puts the innocent victim in the absurd position of hoping beyond all hope that his or her tort-feasor does not have the statutorily required amount of insurance, but has, instead, broken Idaho law and driven uninsured. Only then can the victim be guaranteed coverage for the damages suffered. Today's decision also makes fools of the legislature, for it says that that august body of legislators intended the result we have in this case—a result which is illogical and unsound.

The Ninth Circuit should understand that three cases are presently before this Court which involve issues that directly impact this case. They are: *Hammon v. Farmers Insurance Co.*, Sup.Ct. No. 15888; *Dullenty v. Rocky Mountain Fire & Casualty Co.*, Sup.Ct. No. 15889; and *Miller v. Farmers Insurance Co.*, Sup.Ct. No. 15104, all argued before this Court on April 16, 1985. In all due fairness, this case should not have been decided until the above three have been considered, and the Ninth Circuit might be well-advised to abide a bit.

HUNTLEY, Justice, dissenting.

I respectfully dissent for the following reasons:

(1) The underinsured motorist coverage as offered by the Transamerica policy is part and parcel of the uninsured motorist coverage in the offering and in the policy language.

(2) The same public policy considerations apply both to uninsured and underinsured motorist coverage under the uninsured motorist coverage mandate of the Idaho Legislature.

(3) The "owned but uninsured" exclusion as it applies to uninsured motorist coverage is void as against the policy of I.C. § 41-2502. Since the underinsured coverage as offered by Transamerica and as provided for in the policy language are inseparable, the exclusion as to one necessarily rises or falls as it applies to the other.

(4) At best there is an ambiguity in the policy which must be construed in favor of the insured.