**Klaus MECKERT, Plaintiff-Appellant,**

v.

**TRANSAMERICA INSURANCE COMPANY, a California corporation, Defendant-Appellee.**

CA No. 84–3567.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 1984.

Resubmitted May 16, 1985.

Decided June 19, 1985.

Dale Smith, Smith & Peart, Fruitland, Idaho, for plaintiff-appellant.

John Howard, Quane, Smith, Howard & Hull, Boise, Idaho, for defendant-appellee.

Before PECK *, WRIGHT, and FARRIS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The facts are set forth in *Meckert v. Transamerica Ins. Co.*, 742 F.2d 505, 505–06 (9th Cir.1984), in which we certified to the Idaho Supreme Court this question: "is the 'other owned vehicle' exclusion from Transamerica's underinsured motorist coverage enforceable under Idaho law? " *Meckert*, 742 F.2d at 507.

The Idaho court, 701 P.2d 217, answered affirmatively.[1] It held that an insurer may impose conditions on its contractual obligations which are not inconsistent with public policy. The "other owned vehicle" exclusion does not contravene the public policy of protecting innocent victims of financially irresponsible negligent motorists. Any extension of the policy underlying uninsured motorists should first be addressed in the legislature.

The Idaho court found inapplicable the argument that underinsured motorist protection, like uninsured motorist protection, should be portable and cover insureds regardless of their location at the time of the accident. Meckert was squarely within the "other owned vehicle" exception when the accident occurred.

Finally, the language of the clause is clear and unambiguous. Without ambiguity, the rules of contract construction which favor the insured are not applicable.

In view of the Idaho Supreme Court's interpretation of the law of the forum in which this case arose, we affirm the judgment of the district court.

* Senior Circuit Judge of the Sixth Circuit.

1. In a dissenting opinion, Justice Bistline concluded that the public policy underlying uninsured motorist protection should apply to extend coverage in this case.