806 P.2d 438

**FARMERS INSURANCE COMPANY OF IDAHO, a reciprocal or interinsurance exchange, Plaintiff–Counterdefendant–Respondent,**

**v.**

**John BUFFA; James Dunnigan; Ron Beckley and Bonnie Beckley, Co–Personal Representatives of the Estate of Luke Jess Beckley; E. Floyd Evans and Joan Evans, Co–Personal Representatives of the Estate of Anthony Evans, Defendants–Counterclaimants–Appellants.**

No. 18384.

Supreme Court of Idaho, Coeur d'Alene, October 1990 Term.

Feb. 21, 1991.

Fredericksen Williams & Meservy, Jerome, for defendants-counterclaimants-appellants. James C. Meservy, argued.

Knowlton, Miles & Merica, Lewiston, for plaintiff-counterdefendant-respondent. Jeff M. Brudie, argued.

JOHNSON, Justice.

This is an automobile insurance case. The primary issue presented is whether an insurance policy, with an underinsured ve-hicle provision containing limits of $50,000 for each person and $100,000 for each occurrence, covered losses sustained by four occupants of the insured automobile. The insured automobile was involved in an accident with another vehicle insured for liability by a single limit of $100,000. We hold that the underinsured vehicle provision did not provide coverage for the losses sustained. We also hold that the underinsured vehicle provision was not ambiguous, was not void as against public policy, and did not deprive the occupants of the limits of coverage to which they were entitled.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

James Dunnigan was seriously injured when his automobile was struck head-on by another automobile driven by Bruce Ray Haynes that had negligently crossed the center line. John G. Buffa, Luke J. Beckley, and Anthony J. Evans were passengers in the Dunnigan automobile. Beckley and Evans were killed as a result of the collision. Buffa was seriously injured.

The Haynes automobile was insured by a bodily injury liability policy that provided for coverage in the single limit amount of $100,000.00. Dunnigan, Buffa and the estates of Evans and Beckley divided the proceeds from this policy equally, with each receiving $25,000.00.

The Dunnigan automobile was insured by a Farmers Insurance Company of Idaho (Farmers) policy. This policy provided coverage of $50,000.00 for each insured person and $100,000.00 for each occurrence involving an insured person or persons legally entitled to recover damages from the owner or operator of a vehicle insured by a bodily injury liability policy providing coverage in amounts less than the limits of the Farmers policy (the underinsured provision). Each occupant of the Dunnigan automobile was an insured under the Farmers policy.

Dunnigan, Buffa, and the estates of Evans and Beckley (the claimants) made demand on Farmers for payment of $100,-

000.00 under the underinsured provision. Farmers filed a declaratory judgment action seeking a determination of its liability to the claimants. The claimants answered alleging that the underinsured provision was ambiguous and void as against public policy. The claimants counterclaimed for a declaration that Farmers was obligated to pay the claimants $100,000.00.

The trial court granted summary judgment to Farmers, declaring that the Haynes automobile was not underinsured as provided in the Farmers policy, that Farmers had no liability to the claimants, and that the underinsured provision of the Farmers policy was not ambiguous or void as against public policy. The claimants appealed.

## II.

### FARMERS IS NOT LIABLE TO THE CLAIMANTS.

The claimants assert that Farmers is liable to them because (1) the coverage of the Haynes policy was less than the limits of the underinsured provision of the Farmers policy, (2) the underinsured provision is ambiguous, (3) the underinsured provision is void as against public policy, and (4) the effective limits of the underinsured provision as interpreted by Farmers was $25,000.00 for each insured person instead of the $50,000.00 for each insured person contained in the underinsured provision. We disagree.

In *Nationwide v. Scarlett,* 116 Idaho 820, 780 P.2d 142 (1989), this Court considered a case similar to this one. In *Scarlett,* three occupants of an automobile insured by Nationwide were injured in an accident with another automobile. The Nationwide policy contained an underinsured provision substantially similar to the one in the Farmers policy. The limits of the coverage in the underinsured provision of the Nationwide policy were $100,000.00 for each insured person and $300,000.00 for each occurrence. The limits of the bodily injury liability coverage on the other automobile were also $100,000.00 for each person and $300,000.00 for each occurrence.

In *Scarlett,* this Court held that the other automobile was not an underinsured vehicle within the meaning of the Nationwide policy. *Id.* at 822, 780 P.2d at 144.

■ The claimants argue that the Haynes automobile was underinsured since the coverage provided by the Haynes policy was not the same as the limits of the underinsured provision of the Farmers policy. The premise of this argument is that the underinsured provision covers each insured person for damages up to $50,000.00, while the Haynes policy has only $100,000.00 single limit coverage. The claimants' argument ignores the fact that the coverage provided by the Haynes policy and by the limits of the underinsured provision of the Farmers policy are identical ($100,000.00) when there are two or more injured occupants of the Dunnigan automobile. The underinsured provision is not ambiguous in this respect.

■ The claimants also argue that this construction of the underinsured provision makes the provision void as against public policy. This argument ignores the fact that our statutes do not require an automobile insurer to include underinsured vehicle coverage in its policies or even to offer this coverage to its insureds. Underinsured coverage in this state is a matter of contract law, not public policy. *Scarlett,* 116 Idaho at 822, 780 P.2d at 144; *Meckert v. Transamerica Ins. Co.,* 108 Idaho 597, 701 P.2d 217 (1985); *Blackburn v. State Farm Mut. Auto. Ins. Co.,* 108 Idaho 85, 697 P.2d 425 (1985).

■ The claimants also argue that since each of the claimants received only $25,000.00 from the Haynes policy, the coverage provided by the Haynes policy—the effective limits of that policy—were only $25,000.00, instead of the $50,000.00 for each insured person as provided in the Farmers policy. This result is the product of an accident in which more than two occupants of the Dunnigan automobile were injured, not of any misinterpretation by Farmers. The underinsured provision would have paid the claimants only $100,000.00 if the Haynes automobile had not been insured at all. We are not able to

understand how the claimants could be entitled to more than $100,000.00 merely because the Haynes policy paid them that amount.

## III.

## CONCLUSION.

We affirm the declaratory judgment of the trial court.

We award costs and attorney fees on appeal to Farmers.

BAKES, C.J., and BOYLE and McDEVITT, JJ., concur.

BISTLINE, Justice, dissenting.

Chief Justice Bakes, and Justices Boyle and McDevitt have concurred in the opinion authored by Justice Johnson, the thesis of which is bottomed on the similarity of the facts between this case and *Nationwide Mut. Ins. Co. v. Scarlett*, 116 Idaho 820, 780 P.2d 142 (1989). In *Nationwide*, Chief Justice Bakes authored a three-two majority opinion, with Justices Johnson and McFadden, Pro Tem, concurring. The holding of that decision was that "third party's vehicle covered by policy with the same limits as those contained in accident victim's policy, was not underinsured, within meaning of victim's policy, though portions of third party's liability insurance was paid to estate of passenger of third party's vehicle." 116 Idaho at 820, 780 P.2d at 142.

My vote in *Nationwide* was with the opinion of Justice Huntley, the rationale of which was not explained away or in any manner challenged by anyone of the three who comprised the majority. Believing now, as I did then, that Justice Huntley's analysis and rationale was sound, whereas the majority's opinion lacked that quality, and because of the similarity of the two cases, *Nationwide* in 1989, and *Farmers v. Buffa*, in 1991, it is in order to repeat Justice Huntley's opinion:

HUNTLEY, Justice, dissenting.

I respectfully disagree with the majority's treatment of the second and final issue on appeal which is:

Whether the amount of underinsured motorist coverage extended to the occupants of the Scarlett car may be reduced by the $50,000 paid to the occupant of the other vehicle involved in the collision.

In endorsement 1603 of the Nationwide policy, Nationwide includes 'underinsured motor vehicles' in its definition of uninsured vehicles. Endorsement 1603 reads:

1. An uninsured motor vehicle includes an underinsured motor vehicle. This is one for which there are bodily injury liability coverages or bonds in effect. Their total amount, however, is less than the limits of this coverage. These limits are shown in your policy's declarations.

Thus, by contract, Nationwide has made its *underinsured coverage* subject to the same 'extra policy' (i.e. statutory) constraints and requirements as flow with its uninsured coverage.

The basic theory of uninsured motorist coverage 'is that uninsured motorist coverage is meant to compensate the plaintiff for a deficiency in the tortfeasor's personal liability insurance coverage.' *Dewberry v. Auto–Owner's Insurance Co.*, 363 So.2d 1077, 1081 (Fla.1978). The decision in *State Farm Mutual Auto. Ins. Co. v. Diem*, 358 So.2d 39, 40 (Fla. App.1978) is consistent with this rationale. The court stated:

We hold that the maximum uninsured motorist coverage available to the insured under such circumstances [where a driver is hit by an uninsured motorist] is the uninsured motorist policy limits less the maximum benefits available to the insured under the automobile liability insurance policy of the underinsured motorist.

In *Diem*, the plaintiff had underinsured motorist coverage with State Farm of $15,000/$30,000. The tortfeasor had $20,000 of coverage of which $4,000 was paid to Diem and $16,000 to other parties. The court ruled that State Farm would be required to pay all of Diem's damages up to the $15,000/$30,000 limit,

less only the $4,000 the tortfeasors insurance paid to Diem.

Thus, State Farm's argument that the tortfeasor was not underinsured because it had more than $15,000 of coverage, i.e., $20,000, was rejected, the court holding that the number to utilize in determining whether the tortfeasor is underinsured is the amount awarded to the policyholder.

*Diem* was decided under a Florida statute which specifically defined uninsured motorist coverage in terms of *benefits available* to the insured and the court stated:

> Contrary to State Farm's position herein, available benefits under the statute does not constitute the policy limits of the underinsured's liability policy where, as here, the benefits under such policy have been partially exhausted by payment of claims to persons other than the insured. *Lee v. State Farm Mutual Automobile Ins. Co.*, 339 So.2d 670 (Fla. 2d DCA 1976). Available benefits must mean that which is actually available to the insured herein from the underinsured's liability carrier.

Idaho's statutory scheme is similar in that I.C. § 41–2502 together with I.C. § 49–1505 require that there be not less than $25,000 per person and $50,000 per accident *for the protection of persons insured thereunder,* those persons being the Scarletts and not parties who are not insured under the Scarlett policy.

The district court erred in offsetting Nationwide's underinsured coverage by the $50,000 of liability insurance paid by the tortfeasor's insurer to a separate victim of the accident.

Nationwide charged and received of Scarlett a premium to provide underinsured coverage to Scarlett. Scarlett did not provide a premium to provide coverage for the Milton Olander family (Passenger in the car driven by the other driver).

The next and logical result which must flow from Justice Bakes' line of reasoning, is that if the whole $300,000 had been paid over to the Milton Olander heirs, the Scarlett family would have gotten zero for their premium.

Would that my colleagues would depart from the realm of word games and return to a few of the rules we follow when convenient, i.e.:

> Rule 1: Ambiguous policy is construed against maker.
> Rule 2: Give meaning to all words in contract if possible.
> Rule 3: Where a contract or insurance policy is impressed with a statute by operation of law, the statute must be considered a part of the document and given effect.

Justice Bakes treats this issue in one long paragraph—the reader will please go back and reread it and see if he ever references the statute (I.C. § 41–2505) or explains away its words: 'for the protection persons insured thereunder ...'

Today this Court protects only Nationwide in its ability to collect premiums without liability to pay benefits. No one can accuse this Court of being anti FREE enterprise.

BISTLINE, J., concurs.

*Nationwide,* 116 Idaho at 822–24, 780 P.2d at 144–46 (emphasis in original).