951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marolane STEVENSON, Plaintiff-Appellant,
v.
FIRESTONE TIRE AND RUBBER COMPANY, Defendant-Appellee.
 No. 91-35118.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1991.*
Decided Dec. 12, 1991.
 
 Before EUGENE A. WRIGHT, HUG, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stevenson contends that Firestone's self-insurance certificate requires Firestone to compensate her for any damages that Mick's insurance did not cover. We disagree.
 
 
 3
 Idaho's uninsured motorist statute provides that every motor vehicle insurance policy must include uninsured motorist coverage unless the insured waives it in writing. Idaho Code § 41-2502 (1991).
 
 
 4
 Stevenson claims that Firestone is required to provide uninsured motorist coverage because Firestone's self-insurance certificate is a "policy" for purposes of the uninsured motor vehicle statute. We need not determine whether a self-insurance certificate is a policy because, even if it were a policy, the uninsured motorist statute would not require Firestone to compensate Stevenson.
 
 
 5
 The Idaho Supreme Court has held that the term "uninsured" in the uninsured motorist statute does not refer to vehicles that have the minimum amount of insurance required by law, but do not have enough insurance to compensate for all the damages (i.e. underinsured vehicles). See Meckert v. Transamerica Ins. Co., 701 P.2d 217, 220 (Idaho 1985); Blackburn v. State Farm Mut. Auto. Ins. Co., 697 P.2d 425, 427 (Idaho 1985). The term "uninsured" includes only those vehicles that have no insurance. Meckert, 701 P.2d at 220; Blackburn, 697 P.2d at 427. Mick had the minimum amount of insurance required by Idaho law. He did not have enough insurance to compensate Stevenson for her damages. Mick is therefore an underinsured motorist, not an uninsured motorist. Thus, even if Firestone's self-insurance certificate includes uninsured motorist coverage, there is no basis for finding that the self-insurance certificate requires Firestone to compensate Stevenson for damages caused by an underinsured motorist.
 
 
 6
 The magistrate's order is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3