29 P.3d 943

Betty M. VINCENT and Larry Vincent, wife and husband, Plaintiffs–Appellants,

v.

The SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, Defendant–Respondent.

No. 26157.

Supreme Court of Idaho.

June 22, 2001.

108

Aherin, Rice & Anegon, Lewiston, for appellants. Darrel W. Aherin argued.

Cantrill, Skinner, Sullivan & King, Boise, for respondent. Robert D. Lewis argued.

TROUT, Chief Justice.

This is an appeal from an order of the district court granting the defendant-respondent Safeco Insurance Company of America's ("Safeco") motion for summary judgment.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 3, 1993, Betty Vincent was injured in a car accident through no fault of her own. She allegedly suffered over $100,000 in damages as a result of the accident. On December 14, 1995, Betty and her husband Larry ("Vincents") settled with the at-fault driver for that driver's liability policy limit of $50,000.

Prior to the accident, the Vincents had obtained a Safeco insurance policy through the Stonebraker–McQuary Insurance Agency ("Stonebraker"). The Vincents' policy provided $100,000/$300,000 liability, $5000 medical, and $25,000/$50,000 uninsured/underinsured motorist coverage. "Underinsured motor vehicle" was defined by the policy as a vehicle whose liability coverage was less than the victim's underinsurance coverage. Safeco paid on the $5,000 medical coverage, but because the at-fault driver's liability insurance was greater than Vincent's underinsurance coverage, it did not pay on the underinsurance policy.

The Vincents filed suit on February 12, 1996. The Amended Complaint filed May 29, 1998, alleged: Count I, Stonebraker was negligent in failing to advise the Vincents they needed greater coverage; Count II, Stonebraker's negligence was imputed to Safeco; Count III, negligent underwriting by Safeco; Count IV, negligence supervision and training of Stonebraker staff by Safeco; Count V, negligent misrepresentation of the definition of underinsured motor vehicle by Safeco; Count VI, the underinsured motor vehicle coverage was void as against public policy.

Both Stonebraker and Safeco filed motions for summary judgment. On December 29, 1998, the district judge denied Stonebraker's summary judgment motion but granted Safeco's motion as to Counts III, IV, V, and VI. The Vincents then settled with Stonebraker on Count I. On December 3, 1999, upon a stipulation of the parties the district judge filed an order dismissing with prejudice Counts I and II against all defendants. The order also dismissed with prejudice Counts III, IV, V, and VI as against Stonebraker.

The Vincents sought reconsideration of the order granting summary judgment to Safeco on Counts III, IV, V, and VI of the Amended Complaint, which motion was denied. This appeal followed.

## II.

## STANDARD OF REVIEW

■ On appeal from the grant of a motion for summary judgment, this Court employs the same standard as that used by the trial court originally ruling on the motion. *Farmers Ins. Co. of Idaho v. Talbot*, 133 Idaho 428, 431, 987 P.2d 1043, 1046 (1999). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). This Court liberally construes all disputed facts in favor of the non-moving party and draws all reasonable inferences and conclusions supported by the record in favor of the party opposing the motion. *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). If reasonable people could reach different conclusions or draw conflicting inferences from the evidence the motion must be denied. *Id.* However, if the evidence reveals no disputed issues of material fact, the trial court should grant the motion for summary judgment. *Farm Credit Bank v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994).

## III.

## DISCUSSION

**A. The District Judge Properly Granted Summary Judgment In Favor Of Safeco On The Claim For Negligent Underwriting.**

■ Count III of the Amended Complaint is a cause of action for negligent underwriting approval. The district judge granted summary judgment to Safeco on the basis that Idaho has never recognized a duty on the part of insurance companies during the underwriting process to ensure that coverage is adequate. The Vincents argue that a duty to check for adequate coverage during the underwriting process should be imposed upon insurance companies.

■ The Vincents describe underwriting as "the process where the insurance company processes the application and decides whether to 'underwrite' the risks [sic] which a premium is charged." To underwrite means:

to write one's name under or set one's name to (an insurance policy) for the purpose of thereby becoming answerable for a designated loss or damage on consideration of receiving a premium percent: insure on life or property; *also:* to assume (a sum or risk) by way of insurance.

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2491 (1986). Underwriting is, therefore, the process by which insurance companies determine whether the risk assumed is worth the premium received.

■ In deciding whether to recognize a new duty or extend a duty beyond the scope previously imposed, this Court engages in a balance of the harms test. *Rife v. Long*, 127 Idaho 841, 846, 908 P.2d 143, 148 (1996). The test involves the consideration of policy and a weighing of factors, which include:

The forseeability of the harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.

*Id.*

Although, in certain circumstances, we have recognized a duty on the part of an insurance agent to assist a client in obtaining adequate insurance, we have done so because the agent "performs a personal service for his client, in advising him about the kinds and extent of desired coverage and in choosing the appropriate insurance contract for the insured." *McAlvain v. General Ins. Co. of*

*America*, 97 Idaho 777, 780, 554 P.2d 955, 958 (1976). Once the application for insurance has been submitted to an insurance company for underwriting, none of the same special considerations exist.

The Vincents urge this Court to adopt a definition of adequate insurance that would require insurance companies to issue underinsured motorist coverage in amounts equal to the policyholder's liability limits. The Vincents' position would require this Court to create a public policy limitation on the ability to contract. "While such a policy might be desirable [citations omitted], that public policy should be enunciated by our legislature and not by this Court." *Nationwide Mutual Ins. Co. v. Scarlett*, 116 Idaho 820, 822, 780 P.2d 142, 144 (1989) (quoting *Meckert v. Transamerica Ins. Co.*, 108 Idaho 597, 600, 701 P.2d 217, 220 (1985)).

■ In Idaho, individuals are free to contract for as much or as little underinsured motorist insurance coverage as they desire as long as they can find an insurance company willing to assume the risk. The amount of insurance purchased will depend upon the individual's risk aversion and the premiums demanded. This individual determination of adequate insurance is then reflected in the amount of coverage requested on the insurance application. In order to second guess the applicants determination of the adequacy of insurance during the underwriting process, insurance companies would have to contact the applicant and provide the same services already performed by insurance agents. In addition, to protect itself from liability, the insurance company would tend to recommend higher coverage than the applicant requested. The additional cost and effort created would outweigh the societal benefit of duplicating the services already available through insurance agents. Therefore, the district judge properly found that Safeco, during the underwriting process, did not have a duty to check the adequacy of the insurance requested by the Vincents.

Since Safeco did not owe a duty to the Vincents, there can be no negligence and summary judgment was properly granted on Count III of the Amended Complaint.

**B. The District Judge Did Not Err In Granting Summary Judgment For Safeco On The Claim For Negligent Training And Supervision Of Insurance Agents.**

■ The district judge granted Safeco's motion for summary judgment on Count IV of the complaint because Idaho has never recognized a duty for insurance companies to train insurance agents and he did not think imposing a duty was proper under the *Rife* considerations. We affirm the grant of summary judgment.

Safeco only sells insurance in Idaho through agents that have been licensed by the State of Idaho. In order to be licensed, the agents "[m]ust be competent as to the business to be transacted under the license applied for, and pass to the director [of the department of insurance]'s satisfaction any written examination required . . . to test such competency." I.C. § 41–1034. Because Safeco only sells insurance through agents that have been certified as competent by the State, it is not foreseeable that Safeco's failure to train agents would result in the harm suffered by the Vincents. Therefore, under *Rife* it would be improper to establish a new duty on the part of insurance companies to train insurance agents.

■ The Vincents also claim Safeco assumed a duty to train its agents. It is possible to create a duty where one previously did not exist if one voluntarily undertakes to perform an act having no prior duty to do so. *Featherston v. Allstate Ins. Co.*, 125 Idaho 840, 843, 875 P.2d 937, 940 (1994) (citing *Bowling v. Jack B. Parson Cos.*, 117 Idaho 1030, 1032, 793 P.2d 703, 705 (1990)). The duty then arises to perform the act in a nonnegligent manner. *Id.*

■ Safeco sells materials to help insurance agents fulfill their continuing education requirements. Although Safeco sells the materials, they are not Safeco specific, are sold to any insurance agent who wants them, Safeco agents are not required to buy them, and there is no evidence the Vincents agent, Don McQuary, purchased them. Since there is no evidence Safeco undertook to train Stonebraker agents, there is no evidence to sup-

port the claim of an assumed duty. In addition, the Vincents argue that the materials sold by Safeco accurately reflect the industry standard. Therefore, even if Safeco had assumed a duty to train Safeco agents by distributing continuing education materials, by the Vincents' own admission, Safeco met the standard of care.

## C. The District Judge Properly Granted Summary Judgment For Safeco On The Claim Of Negligent Misrepresentation.

Count V of the Amended Complaint is a claim for negligent misrepresentation. Even if we were to expand the scope of the tort of negligent misrepresentation beyond that previously recognized, the Vincents failed to point to any facts that would support an actionable negligent misrepresentation. On appeal, the Vincents claim that Don McQuary of Stonebraker informed them that they were entitled to the $25,000 of underinsurance. The Vincents present no evidence that they relied upon this misrepresentation. *See e.g., Idaho Bank & Trust Co. v. First Bancorp of Idaho,* 115 Idaho 1082, 1084, 772 P.2d 720, 722 (1989) (an accountant must know a party would rely upon the representation); Restatement (Second) of Torts § 552 (requiring justifiable reliance on the misrepresentation). By the Vincents' own admission, when Don McQuary made the misrepresentation, Safeco had already denied the Vincents' claim and the Vincents had already filed this suit. Thus, we find no error in the district judge's ruling granting summary judgment as to negligent misrepresentation.

## D. The District Judge Did Not Err In Granting Summary Judgment For Safeco On The Declaratory Judgment Action.

The district judge granted summary judgment for Safeco on Count VI of the complaint, which sought a declaratory judgment that the insurance policy was illusory and, therefore, void as against public policy. On appeal, the Vincents argue the district judge erred in finding that Idaho does not have a public policy regarding the selling of illusory underinsured motorist coverage. We affirm the order of the district judge.

The Vincents claim that the insurance policy is void because it violates the public policy contained in I.C. § 41–2502. In *Meckert,* 108 Idaho at 600, 701 P.2d at 220, however, this Court expressly held that I.C. § 41–2502 does not provide a public policy concerning underinsured motorist coverage. We found that:

> the Idaho statutes do not regulate *underinsured* motorist coverage. There are no requirements that insurance carriers offer such *underinsured* motorist coverage, nor that motorists have such *underinsured* coverage. Neither the Idaho legislature nor the courts have declared that there exists a public policy applicable to *underinsured* motorist coverage. While such a policy might be desirable [citations omitted], that public policy should be enunciated by our legislature and not by this Court. Thus we hold that there is no public policy basis upon which to rule that the language of the exclusion clause presented here is invalid.

*Id.* On two other occasions this Court has come to the same conclusion. *See Farmers Ins. Co. v. Buffa,* 119 Idaho 345, 347, 806 P.2d 438, 440 (1991); *Nationwide,* 116 Idaho at 822, 780 P.2d at 144.

The Vincents also argue that I.C. § 41–1323 establishes a public policy upon which to invalidate the insurance contract. I.C. § 41–1323(1) provides:

> No person shall willfully collect any sum as premium or charge for insurance, which insurance is not then provided or is not in due course to be provided (subject to acceptance of the risk by the insurer) by an insurance policy issued by an insurer as authorized by this code.

This statute is meant to address the fraudulent collection of premiums by a person who does not intend to provide an insurance policy to the person paying the premium. In the present case, although the coverage was limited, the Vincents were provided with an insurance policy and some type of coverage. The statute is, therefore, inapplicable to the present case.

■ The Vincents' attempt at finding a public policy upon which to void the allegedly illusory insurance policy was unnecessary. If the policy is truly illusory, the contract is void for lack of consideration without a resort to public policy. *See Martinez v. Idaho Counties Reciprocal Management Program,* 134 Idaho 247, 999 P.2d 902 (2000) (finding an insurance contract void for being illusory and for violating public policy). In our recent decision in *Martinez,* we held that uninsured motorist coverage is illusory when:

> it appears that if any actual coverage does exist it is extremely minimal and affords no realistic protection to any group or class of injured persons. The declarations page of the policy contains language and words of coverage, then by definition and exclusion takes away the coverage. The fact that there might be some small circumstance where coverage could arguably exist does not change the reality that, when the policy is considered in its entirety, the City was receiving only an illusion of coverage for its premiums. This Court will not allow policy limitations and exclusions to defeat the precise purpose for which the insurance is purchased.

134 Idaho at 252, 999 P.2d at 907 (citing *Bonner County v. Panhandle Rodeo Ass'n, Inc.,* 101 Idaho 772, 776, 620 P.2d 1102, 1106 (1980)). We apply the same standard to underinsured motorist coverage. Thus, the question before this Court is whether the Vincents' underinsured motorist policy affords realistic protection of any group or class of injured persons.

The Vincents purchased an automobile insurance policy from Safeco which provided $25,000/$50,000 uninsured and underinsured motorists coverage. The insurance policy defined an underinsured motor vehicle as

> a land motor vehicle or **trailer** of any type to which bodily injury liability bonds or policies apply but the sum of the limits of liability under all such bonds or policies applicable at the time of the accident is less than the applicable limits of liability for Underinsured Motorists Coverage under this policy.

In other words, an underinsured motor vehicle, as the term is applied to the Vincents coverage, is one with some liability insurance but less than $25,000/$50,000. By law, insurance companies cannot issue liability policies with coverage less than $25,000/$50,000 in Idaho. I.C. § 49–117(18). As a result, no Idaho vehicle can meet the definition provided in the Safeco policy. However, the policy would provide coverage if the Vincents leave Idaho and travel to states with lower minimum requirements such as Arizona, California, Nevada, or Oklahoma. *See* Ariz.Rev. Stat. §§ 28–4009 and 28–4135 ($15,000 per person); Cal. Veh.Code § 16056 ($15,000/ $30,000); Nev. Rev.Stat. § 485.185 ($15,000 per person); Okla.Stat. tit. 47, §§ 7–203 and 7–204(a) ($10,000 per person). Here, there is an identifiable group of people who are covered-insureds who travel to states with lower minimum liability amounts. It is the existence of consideration, not the amount, that validates the contract. Since there is an identifiable group that may collect on the policy, the insurance is not illusory.

## IV.

## CONCLUSION

The district judge did not err in granting summary judgment for Safeco on Counts III, IV, V, and VI of the Amended Complaint. Safeco did not have a duty to determine whether the Vincents had requested adequate underinsured motor vehicle coverage during underwriting or to train Stonebraker's insurance agents; the Vincents failed to state an actionable claim for negligent misrepresentation; and the insurance contract was neither illusory nor against public policy. For these reasons we affirm the order of the district judge and grant costs on appeal to Respondent.

Justices SCHROEDER, WALTERS, KIDWELL and EISMANN, concur.